UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In Re: New York City Policing During Summer
2020 Demonstrations

20 Civ. 8924 (CM)(GWG)

This filing is related to:

ADAMA      SOW,     DAVID     JAKLEVIC,
ALEXANDRA DE MUCHA PINO, OSCAR RIOS,
BARBARA   ROSS,   MATTHEW    BREDDER,
SABRINA ZURKUHLEN, MARIA SALAZAR,
DARA PLUCHINO, and SAVRITI DURKEE, on
behalf of themselves and others similarly situated,,
on behalf of themselves and all others similarly
situated,

**ANSWER TO FIRST
AMENDED CLASS
ACTION COMPLAINT**

                                    Plaintiffs,

21-cv-00533 (CM)(GWG)

                    -against-

CITY OF NEW YORK; MAYOR BILL DE
BLASIO;   NEW    YORK   CITY   POLICE
DEPARTMENT COMMISSIONER DERMOT
SHEA;   NEW     YORK   CITY    POLICE
DEPARTMENT CHIEF OF DEPARTMENT
TERENCE   MONAHAN;   NYPD   DETECTIVE
EDWARD  CARRASCO  (SHIELD  NO.  1567);
NYPD OFFICER TALHA AHMAD (SHIELD NO.
21358); NYPD OFFICER KEVIN AGRO (SHIELD
NO. 80540; and NYPD OFFICERS JOHN AND
JANE DOES # 1- 40,

                                    Defendants.

-------------------------------------------------------------x

        Defendants Edward Carrasco, Talha Ahmad and Kevin Agro[1], ("defendants"),  by

their attorney, **GEORGIA M. PESTANA**, Acting Corporation Counsel of the City of New

York, as and for their answer to the First Amended Class Action Complaint (hereinafter, "first

amended complaint"), respectfully allege as follows:

---

[1] Defendants City, deBlasio, Shea and Monahan moved to dismiss the Amended Complaint on March 26, 2021

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the first amended complaint.

2.      Deny the allegations set forth in paragraph "2" of the first amended complaint.

3.      Deny the allegations set forth in paragraph "3" of the first amended complaint.

4.      Deny the allegations set forth in paragraph "4" of the first amended complaint.

5.      Deny the allegations set forth in paragraph "5" of the first amended complaint.

6.      Deny the allegations set forth in paragraph "6" of the first amended complaint.

7.      Deny the allegations set forth in paragraph "7" of the first amended complaint and respectfully refer the Court to the cited reports for their full and accurate contents and contexts.

8.      Deny the allegations set forth in paragraph "8" of the first amended complaint.

9.      Deny the allegations set forth in paragraph "9" of the first amended complaint except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

10.      Deny the allegations set forth in paragraph "10" of the first amended complaint except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

11.      Deny the allegations set forth in paragraph "11" of the first amended complaint except admit that plaintiffs purport to invoke the Court's authority as stated therein.

12.     Defendants state that the allegations set forth in paragraph "12" of the first amended complaint are not averments of fact that require a response.

13.     Deny the allegations set forth in paragraph "13" of the first amended complaint except admit that plaintiffs purport to base venue as stated therein.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the first amended complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the first amended complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the first amended complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the first amended complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the first amended complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the first amended complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the first amended complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the first amended complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the first amended complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the first amended complaint.

24.     Deny the allegations set forth in paragraph "24" of the first amended complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

25.     Deny the allegations set forth in paragraph "25" of the first amended complaint and respectfully refer the Court to the cited New York City Charter for its full content and context.

26.     Deny the allegations set forth in paragraph "26" of the first amended complaint and respectfully refer the Court to the New York City Charter for the full content and context of the provisions governing the powers, responsibilities, and duties of the NYPD Police Commissioner.

27.     Deny the allegations set forth in paragraph "27" of the first amended complaint except admit that at all times relevant to the first amended complaint, Terence Monahan held the position of NYPD Chief of Department..

28.     Deny the allegations set forth in paragraph "28" of the first amended complaint.

29.     Defendants state that the allegations set forth in paragraph "29" of the first amended complaint are legal conclusions to which no response is required.

30.     Defendants state that the allegations set forth in paragraph "30" of the first amended complaint are legal conclusions to which no response is required.

31.     Defendants state that the allegations set forth in paragraph "31" of the first amended complaint are legal conclusions to which no response is required.

32.     Deny the allegations set forth in paragraph "32" of the first amended complaint.

33.     Deny the allegations set forth in paragraph "33" of the first amended complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

35.     Deny the allegations set forth in paragraph "35" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 2, 2020.

36.     Admit the allegations set forth in paragraph "36" of the first amended complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the first amended complaint.

38.     Deny the allegations set forth in paragraph "38" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 3, 2020.

39.     Admit the allegations set forth in paragraph "39" of the first amended complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the first amended complaint.

41. Deny the allegations set forth in paragraph "41" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 3, 2020.

42. Admit the allegations set forth in paragraph "42" of the first amended complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the first amended complaint.

44. Deny the allegations set forth in paragraph "44" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 2, 2020.

45. Admit the allegations set forth in paragraph "45" of the first amended complaint.

46. Deny the allegations set forth in paragraph "46" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 3, 2020.

47. Admit the allegations set forth in paragraph "47" of the first amended complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the first amended complaint.

49. Deny the allegations set forth in paragraph "49" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about November 3, 2020.

50.    Admit the allegations set forth in paragraph "50" of the first amended complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the first amended complaint.

52.    Deny the allegations set forth in paragraph "52" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about August 31, 2020.

53.    Admit the allegations set forth in paragraph "53" of the first amended complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the first amended complaint.

55.    Deny the allegations set forth in paragraph "55" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 1, 2020.

56.    Admit the allegations set forth in paragraph "56" of the first amended complaint.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the first amended complaint.

58.    Deny the allegations set forth in paragraph "58" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 2, 2020.

59.    Admit the allegations set forth in paragraph "59" of the first amended complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the first amended complaint.

61.     Deny the allegations set forth in paragraph "61" of the first amended complaint except admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 1, 2020.

62.     Admit the allegations set forth in paragraph "62" of the first amended complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the first amended complaint.

64.     Defendants state that the allegations set forth in paragraph "64" of the first amended complaint are not averments of fact that require a response.

65.     Deny the allegations set forth in paragraph "65" of the first amended complaint.

66.     Deny the allegations set forth in paragraph "66" of the first amended complaint.

67.     Deny the allegations set forth in paragraph "67" of the first amended complaint.

68.     Deny the allegations set forth in paragraph "68" of the first amended complaint except admit that a number of demonstrators were arrested on May 31, 2020.

69.     Deny the allegations set forth in paragraph "69" of the first amended complaint and respectfully refer the Court to the source apparently relied upon by plaintiffs for the alleged quote by Commissioner Shea, "Transcript: Mayor de Blasio Holds Media Availability," June 5, 2020, https://www1.nyc.gov/office-of-the-mayor/news/410-20/transcript-

mayor-de-blasio-holds-media-availability, for its full and accurate content and context; further respectfully refer the Court to  the source apparently relied upon by plaintiffs for the alleged quote by Chief Monahan, WNYC, Scott Heins and Christopher Robbins, Photos: 72 Arrested at George Floyd Protests in Lower Manhattan, GOTHAMIST (May 29, 2020, 10:19 A.M.), https://gothamist.com/news/photos-george-floyd-protests-lower-manhattan-arrests, for its full and accurate content and context; and admit that the NYPD has incurred property damage and individual members of the NYPD have suffered injuries in the line of duty during protests in New York City since May 2020.

70.    NOTE THAT THE FIRST AMENDED COMPLAINT IS LACKING A PARAGRAPH NUMBER "70."

71.    NOTE THAT THE FIRST AMENDED COMPLAINT IS LACKING A PARAGRAPH NUMBER "71."

72.    Deny the allegations set forth in paragraph "72" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

73.    Deny the allegations set forth in paragraph "73" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

74.    Deny the allegations set forth in paragraph "74" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

75.    Deny the allegations set forth in paragraph "75" of the first amended complaint and state that any Emergency Executive Orders issued speak for themselves.

76.    Deny the allegations set forth in paragraph "76" of the first amended complaint and respectfully refer the Court to the Emergency Executive Orders issued which speak for themselves.

77.     Deny the allegations set forth in paragraph "77" of the first amended complaint and respectfully refer to the Emergency Executive Orders issued which speak for themselves.

78.     Deny the allegations set forth in paragraph "78" of the first amended complaint and respectfully refer the Court to the cited provision of the City Administrative Code for its full and accurate content and context.

79.     Deny the allegations set forth in paragraph "79" of the first amended complaint and respectfully refer the Court to the cited provision to the New York Penal Law for its full and accurate content and context.

80.     Deny the allegations set forth in paragraph "80" of the first amended complaint and respectfully refer the Court to the cited FINEST message for its full and accurate content and context.

81.     Deny the allegations set forth in paragraph "81" of the first amended complaint.

82.     Deny the allegations set forth in paragraph "82" of the first amended complaint and respectfully refer the Court to the cited FINEST message for its full and accurate content and context.

83.     Deny the allegations set forth in paragraph "83" of the first amended complaint except admit that a number of demonstrators were arrested in the City on June 3, 2020.

84.     Deny the allegations set forth in paragraph "84" of the first amended complaint except admit that a number of demonstrators were arrested in the City on June 4, 2020.

85.     Deny the allegations set forth in paragraph "85" of the first amended complaint.

86.     Deny the allegations set forth in paragraph "86" of the first amended complaint.

87.     Deny the allegations set forth in paragraph "87" of the first amended complaint except admit that Chief Monahan was present in Mott Haven on June 4, 2020.

88.     Deny the allegations set forth in paragraph "88" of the first amended complaint.

89.     Deny the allegations set forth in paragraph "89" of the first amended complaint.

90.     Deny the allegations set forth in paragraph "90" of the first amended complaint.

91.     Deny the allegations set forth in paragraph "91" of the first amended complaint.

92.     Deny the allegations set forth in paragraph "92" of the first amended complaint.

93.     Deny the allegations set forth in paragraph "93" of the first amended complaint.

94.     Deny the allegations set forth in paragraph "94" of the first amended complaint.

95.     Deny the allegations set forth in paragraph "95" of the first amended complaint except admit that Mayor de Blasio announced that the City-wide curfew was discontinued on June 7, 2020.

96.     Deny the allegations set forth in paragraph "96" of the first amended complaint.

97.     Deny the allegations set forth in paragraph "97" of the first amended complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the first amended complaint.

99.     Deny the allegations set forth in paragraph "99" of the first amended complaint.

100.    Deny the allegations set forth in paragraph "100" of the first amended complaint.

101.    Deny the allegations set forth in paragraph "101" of the first amended complaint.

102.    Deny the allegations set forth in paragraph "102" of the first amended complaint.

103.    Deny the allegations set forth in paragraph "103" of the first amended complaint.

104.    Deny the allegations set forth in paragraph "104" of the first amended complaint.

105.    Deny the allegations set forth in paragraph "105" of the first amended complaint.

106.    Deny the allegations set forth in paragraph "106" of the first amended complaint.

107.    Deny the allegations set forth in paragraph "107" as well as sub-paragraphs "107(a)-(c)" of the first amended complaint.

108.    Deny the allegations set forth in paragraph "108" of the first amended complaint and respectfully refer the Court to the cited AG Report for its full content and context.

109.    Deny the allegations set forth in paragraph "109" of the first amended complaint and respectfully refer the Court to the cited AG Report for its full content and context.

110.    Deny the allegations set forth in paragraph "110" of the first amended complaint and respectfully refer the Court to the cited AG Report for its full content and context.

111.    Admit the allegations set forth in paragraph "111" of the first amended complaint.

112.    Deny the allegations set forth in paragraph "112" of the first amended complaint and respectfully refer the Court to the cited DOI Report for its full content and context.

113.    Deny the allegations set forth in paragraph "113" of the first amended complaint and respectfully refer the Court to the cited DOI Report for its full content and context.

114.    Deny the allegations set forth in paragraph "114" of the first amended complaint and respectfully refer the Court to the cited DOI Report for its full content and context.

115.    Deny the allegations set forth in paragraph "115" of the first amended complaint and respectfully refer the Court to the cited DOI Report for its full content and context.

116.    Deny the allegations set forth in paragraph "116" of the first amended complaint and respectfully refer the Court to the cited DOI Report for its full content and context.

117.    Deny the allegations set forth in paragraph "117" of the first amended complaint and respectfully refer the Court to the cited DOI Report for its full content and context.

118.    Deny the allegations set forth in paragraph "118" of the first amended complaint and respectfully refer the Court to the cited DOI Report for its full content and context.

119.    Deny the allegations set forth in paragraph "119" of the first amended complaint and respectfully refer the Court to the cited DOI Report for its full content and context.

120.    Deny the allegations set forth in paragraph "120" of the first amended complaint and respectfully refer the Court to the cited DOI Report for its full content and context.

121.    Deny the allegations set forth in paragraph "121" of the first amended complaint and respectfully refer the Court to the cited HRW Report for its full content and context.

122.    Deny the allegations set forth in paragraph "122" of the first amended complaint and respectfully refer the Court to the cited HRW Report for its full content and context.

123.     Deny the allegations set forth in paragraph "123" of the first amended complaint and respectfully refer the Court to the cited article for a more complete record of and context for Commissioner Shea's alleged statements.

124.     Deny the allegations set forth in paragraph "124" of the first amended complaint.

125.     Deny the allegations set forth in paragraph "125" of the first amended complaint except admit that the COVID-19 pandemic spanned the summer of 2020 and beyond.

126.     Deny the allegations set forth in paragraph "126" of the first amended complaint and respectfully refer the Court to Governor Cuomo's cite Executive Order No. 202-17, available at https://www.governor.ny.gov/sites/default/files/atoms/files/EO_202.17.pdf, for its full and accurate content and context.

127.     Deny the allegations set forth in paragraph "127" of the first amended complaint.

128.     Deny the allegations set forth in paragraph "128" of the first amended complaint.

129.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the first amended complaint.

130.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the first amended complaint.

131.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the first amended complaint.

132.     Deny the allegations set forth in paragraph "132" of the first amended complaint.

133.    Deny the allegations set forth in paragraph "133" of the first amended complaint.

134.    Deny the allegations set forth in paragraph "134" of the first amended complaint.

135.    Deny the allegations set forth in paragraph "135" of the first amended complaint.

136.    Deny the allegations set forth in paragraph "136" of the first amended complaint.

137.    Deny the allegations set forth in paragraph "137" of the first amended complaint.

138.    Deny the allegations set forth in paragraph "138" of the first amended complaint.

139.    Deny the allegations set forth in paragraph "139" of the first amended complaint.

140.    Deny the allegations set forth in paragraph "140" of the first amended complaint.

141.    Deny the allegations set forth in paragraph "141" of the first amended complaint.

142.    Deny the allegations set forth in paragraph "142" of the first amended complaint.

143.    Deny the allegations set forth in paragraph "143" of the first amended complaint.

144.    Deny the allegations set forth in paragraph "144" of the first amended complaint.

145.    Deny the allegations set forth in paragraph "145" of the first amended complaint.

146.    Deny the allegations set forth in paragraph "146" of the first amended complaint.

147.    Deny the allegations set forth in paragraph "147" of the first amended complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the first amended complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the first amended complaint.

150.    Deny the allegations set forth in paragraph "150" of the first amended complaint.

151.    Deny the allegations set forth in paragraph "151" of the first amended complaint.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the first amended complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the first amended complaint.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the first amended complaint.

155. Deny the allegations set forth in paragraph "155" of the first amended complaint.

156. Deny the allegations set forth in paragraph "156" of the first amended complaint.

157. Deny the allegations set forth in paragraph "157" of the first amended complaint.

158. Deny the allegations set forth in paragraph "158" of the first amended complaint.

159. Deny the allegations set forth in paragraph "159" of the first amended complaint.

160. Deny the allegations set forth in paragraph "160" of the first amended complaint.

161. Deny the allegations set forth in paragraph "161" of the first amended complaint.

162. Deny the allegations set forth in paragraph "162" of the first amended complaint.

163. Deny the allegations set forth in paragraph "163" of the first amended complaint.

164. Deny the allegations set forth in paragraph "164" of the first amended complaint.

165. Deny the allegations set forth in paragraph "165" of the first amended complaint.

166.    Deny the allegations set forth in paragraph "166" of the first amended complaint.

167.    Deny the allegations set forth in paragraph "167" of the first amended complaint.

168.    Deny the allegations set forth in paragraph "168" of the first amended complaint.

169.    Deny the allegations set forth in paragraph "169" of the first amended complaint.

170.    Deny the allegations set forth in paragraph "170" of the first amended complaint.

171.    Deny the allegations set forth in paragraph "171" of the first amended complaint.

172.    Deny the allegations set forth in paragraph "172" of the first amended complaint.

173.    Deny the allegations set forth in paragraph "173" of the first amended complaint.

174.    Deny the allegations set forth in paragraph "174" of the first amended complaint.

175.    Deny the allegations set forth in paragraph "175" of the first amended complaint, except admit that Ms. de Mucha Pino was issued at least one summons.

176.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the first amended complaint.

177.     Deny the allegations set forth in paragraph "177" of the first amended complaint.

178.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the first amended complaint.

179.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the first amended complaint.

180.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the first amended complaint.

181.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the first amended complaint.

182.     Deny the allegations set forth in paragraph "182" of the first amended complaint.

183.     Deny the allegations set forth in paragraph "183" of the first amended complaint.

184.     Deny the allegations set forth in paragraph "184" of the first amended complaint.

185.     Deny the allegations set forth in paragraph "185" of the first amended complaint.

186.     Deny the allegations set forth in paragraph "186" of the first amended complaint.

187.     Deny the allegations set forth in paragraph "187" of the first amended complaint.

188.    Deny the allegations set forth in paragraph "188" of the first amended complaint.

189.    Deny the allegations set forth in paragraph "189" of the first amended complaint.

190.    Deny the allegations set forth in paragraph "190" of the first amended complaint.

191.    Deny the allegations set forth in paragraph "191" of the first amended complaint.

192.    Deny the allegations set forth in paragraph "192" of the first amended complaint.

193.    Deny the allegations set forth in paragraph "193" of the first amended complaint.

194.    Deny the allegations set forth in paragraph "194" of the first amended complaint.

195.    Deny the allegations set forth in paragraph "195" of the first amended complaint.

196.    Deny the allegations set forth in paragraph "196" of the first amended complaint.

197.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the first amended complaint.

198.    Deny the allegations set forth in paragraph "198" of the first amended complaint.

199.    Deny the allegations set forth in paragraph "199" of the first amended complaint.

200.    Deny the allegations set forth in paragraph "200" of the first amended complaint.

201.    Deny he allegations set forth in paragraph "201" of the first amended complaint.

202.    Deny the allegations set forth in paragraph "202" of the first amended complaint.

203.    Deny the allegations set forth in paragraph "203" of the first amended complaint.

204.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "204" of the first amended complaint.

205.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the first amended complaint.

206.    Deny the allegations set forth in paragraph "206" of the first amended complaint.

207.    Deny the allegations set forth in paragraph "207" of the first amended complaint.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the first amended complaint.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the first amended complaint.

210.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "210" of the first amended complaint.

211.    Deny the allegations set forth in paragraph "211" of the first amended complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the first amended complaint.

213.    Deny the allegations set forth in paragraph "213" of the first amended complaint.

214.    Deny the allegations set forth in paragraph "214" of the first amended complaint.

215.    Deny the allegations set forth in paragraph "215" of the first amended complaint.

216.    Deny the allegations set forth in paragraph "216" of the first amended complaint.

217.    Deny the allegations set forth in paragraph "217" of the first amended complaint.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the first amended complaint.

219.    Deny the allegations set forth in paragraph "219" of the first amended complaint.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the first amended complaint.

221.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the first amended complaint.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the first amended complaint.

223.    Deny the allegations set forth in paragraph "223" of the first amended complaint.

224.    Deny the allegations set forth in paragraph "224" of the first amended complaint.

225.    Deny the allegations set forth in paragraph "219" of the first amended complaint.

226.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "226" of the first amended complaint.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "227" of the first amended complaint.

228.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the first amended complaint.

229.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "229" of the first amended complaint.

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "230" of the first amended complaint.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the first amended complaint.

232.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "232" of the first amended complaint.

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "233" of the first amended complaint.

234.    Deny the allegations set forth in paragraph "234" of the first amended complaint.

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "235" of the first amended complaint, except admit that Mr. Bredder was issued a summons.

236.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the first amended complaint.

237.    Deny the allegations set forth in paragraph "237" of the first amended complaint.

238.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "238" of the first amended complaint.

239.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the first amended complaint.

240.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the first amended complaint.

241.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "241" of the first amended complaint.

242.    Deny the allegations set forth in paragraph "242" of the first amended complaint.

243.     Deny the allegations set forth in paragraph "243" of the first amended complaint.

244.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "244" of the first amended complaint.

245.     Deny the allegations set forth in paragraph "245" of the first amended complaint.

246.     Deny the allegations set forth in paragraph "246" of the first amended complaint.

247.     Deny the allegations set forth in paragraph "247" of the first amended complaint.

248.     Deny the allegations set forth in paragraph "248" of the first amended complaint.

249.     Deny the allegations set forth in paragraph "249" of the first amended complaint.

250.     Deny the allegations set forth in paragraph "250" of the first amended complaint.

251.     Deny the allegations set forth in paragraph "251" of the first amended complaint.

252.     Deny the allegations set forth in paragraph "252" of the first amended complaint.

253.     Deny the allegations set forth in paragraph "253" of the first amended complaint.

254.    Deny the allegations set forth in paragraph "254" of the first amended complaint.

255.    Deny the allegations set forth in paragraph "255" of the first amended complaint.

256.    Deny the allegations set forth in paragraph "256" of the first amended complaint.

257.    Deny the allegations set forth in paragraph "257" of the first amended complaint.

258.    Deny the allegations set forth in paragraph "258" of the first amended complaint.

259.    Deny the allegations set forth in paragraph "259" of the first amended complaint.

260.    Deny the allegations set forth in paragraph "260" of the first amended complaint.

261.    Deny the allegations set forth in paragraph "261" of the first amended complaint.

262.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "262" of the first amended complaint.

263.    Deny the allegations set forth in paragraph "263" of the first amended complaint.

264.    Deny the allegations set forth in paragraph "264" of the first amended complaint.

265.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "265" of the first amended complaint.

266.    Deny the allegations set forth in paragraph "266" of the first amended complaint.

267.    Deny the allegations set forth in paragraph "267" of the first amended complaint.

268.    Deny the allegations set forth in paragraph "268" of the first amended complaint.

269.    Deny the allegations set forth in paragraph "269" of the first amended complaint.

270.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "270" of the first amended complaint.

271.    Deny the allegations set forth in paragraph "271" of the first amended complaint.

272.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "272" of the first amended complaint.

273.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "273" of the first amended complaint.

274.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "274" of the first amended complaint.

275.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "275" of the first amended complaint.

276.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "276" of the first amended complaint.

277.    Deny the allegations set forth in paragraph "277" of the first amended complaint.

278.    Deny the allegations set forth in paragraph "278" of the first amended complaint.

279.    Deny the allegations set forth in paragraph "279" of the first amended complaint.

280.    Deny the allegations set forth in paragraph "271" of the first amended complaint, except admit that Ms. Zurkuhlen was issued a summons.

281.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "281" of the first amended complaint.

282.    Deny the allegations set forth in paragraph "282" of the first amended complaint.

283.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "283" of the first amended complaint.

284.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "284" of the first amended complaint.

285.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "285" of the first amended complaint.

286.    Deny the allegations set forth in paragraph "286" of the first amended complaint.

287.     Deny the allegations set forth in paragraph "287" of the first amended complaint.

288.     Deny the allegations set forth in paragraph "288" of the first amended complaint.

289.     Deny the allegations set forth in paragraph "289" of the first amended complaint.

290.     Deny the allegations set forth in paragraph "290" of the first amended complaint.

291.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "291" of the first amended complaint.

292.     Deny the allegations set forth in paragraph "290" of the first amended complaint.

293.     Deny the allegations set forth in paragraph "293" of the first amended complaint.

294.     Deny the allegations set forth in paragraph "294" of the first amended complaint.

295.     Deny the allegations set forth in paragraph "295" of the first amended complaint.

296.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "296" of the first amended complaint.

297.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "297" of the first amended complaint.

298.    Deny the allegations set forth in paragraph "298" of the first amended complaint.

299.    Deny the allegations set forth in paragraph "299" of the first amended complaint.

300.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "300" of the first amended complaint.

301.    Deny the allegations set forth in paragraph "301" of the first amended complaint.

302.    Deny the allegations set forth in paragraph "302" of the first amended complaint.

303.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "303" of the first amended complaint.

304.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "304" of the first amended complaint.

305.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "305" of the first amended complaint.

306.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "306" of the first amended complaint.

307.    Deny the allegations set forth in paragraph "307" of the first amended complaint, except admit that Ms. Salazar was issued a summons.

308.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "308" of the first amended complaint.

309.    Deny the allegations set forth in paragraph "309" of the first amended complaint.

310.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "310" of the first amended complaint.

311.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "311" of the first amended complaint.

312.    Deny the allegations set forth in paragraph "312" of the first amended complaint.

313.    Deny the allegations set forth in paragraph "313" of the first amended complaint.

314.    Deny the allegations set forth in paragraph "314" of the first amended complaint.

315.    Deny the allegations set forth in paragraph "315" of the first amended complaint.

316.    Deny the allegations set forth in paragraph "316" of the first amended complaint.

317.    Deny the allegations set forth in paragraph "317" of the first amended complaint.

318.    Deny the allegations set forth in paragraph "318" of the first amended complaint.

319.    Deny the allegations set forth in paragraph "319" of the first amended complaint.

320. Deny the allegations set forth in paragraph "320" of the first amended complaint.

321. Deny the allegations set forth in paragraph "321" of the first amended complaint.

322. Deny the allegations set forth in paragraph "322" of the first amended complaint.

323. Deny the allegations set forth in paragraph "323" of the first amended complaint.

324. Deny the allegations set forth in paragraph "324" of the first amended complaint.

325. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "325" of the first amended complaint.

326. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "326" of the first amended complaint.

327. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "327" of the first amended complaint, except admit that Mr. Bredder was issued a summons.

328. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "328" of the first amended complaint.

329. Deny the allegations set forth in paragraph "329" of the first amended complaint.

330. Deny the allegations set forth in paragraph "330" of the first amended complaint.

331.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "331" of the first amended complaint.

332.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "332" of the first amended complaint.

333.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "333" of the first amended complaint.

334.     Deny the allegations set forth in paragraph "334" of the first amended complaint.

335.     Deny the allegations set forth in paragraph "335" of the first amended complaint.

336.     Deny the allegations set forth in paragraph "336" of the first amended complaint.

337.     Deny the allegations set forth in paragraph "337" of the first amended complaint.

338.     Deny the allegations set forth in paragraph "338" of the first amended complaint.

339.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "339" of the first amended complaint.

340.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "340" of the first amended complaint.

341.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "341" of the first amended complaint.

342.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "342" of the first amended complaint.

343.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "343" of the first amended complaint, except admit that Ms. Pluchino was issued a summons.

344.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "344" of the first amended complaint.

345.     Deny the allegations set forth in paragraph "345" of the first amended complaint.

346.     Deny the allegations set forth in paragraph "346" of the first amended complaint.

347.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "347" of the first amended complaint.

348.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "348" of the first amended complaint.

349.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "349" of the first amended complaint.

350.     Deny the allegations set forth in paragraph "350" of the first amended complaint.

351.     Deny the allegations set forth in paragraph "351" of the first amended complaint.

352.     Deny the allegations set forth in paragraph "352" of the first amended complaint.

353.   Deny the allegations set forth in paragraph "353" of the first amended complaint.

354.   Deny the allegations set forth in paragraph "354" of the first amended complaint.

355.   Deny the allegations set forth in paragraph "355" of the first amended complaint.

356.   Deny the allegations set forth in paragraph "356" of the first amended complaint.

357.   Deny the allegations set forth in paragraph "357" of the first amended complaint.

358.   Deny the allegations set forth in paragraph "358" of the first amended complaint.

359.   Deny the allegations set forth in paragraph "359" of the first amended complaint.

360.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "360" of the first amended complaint.

361.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "361" of the first amended complaint.

362.   Deny the allegations set forth in paragraph "362" of the first amended complaint.

363.   Deny the allegations set forth in paragraph "363" of the first amended complaint.

364.    Deny the allegations set forth in paragraph "364" of the first amended complaint.

365.    Deny the allegations set forth in paragraph "365" of the first amended complaint.

366.    Deny the allegations set forth in paragraph "366" of the first amended complaint.

367.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "367" of the first amended complaint.

368.    Deny the allegations set forth in paragraph "368" of the first amended complaint.

369.    Deny the allegations set forth in paragraph "369" of the first amended complaint.

370.    Deny the allegations set forth in paragraph "370" of the first amended complaint.

371.    Deny the allegations set forth in paragraph "371" of the first amended complaint.

372.    Deny the allegations set forth in paragraph "372" of the first amended complaint.

373.    Deny the allegations set forth in paragraph "373" of the first amended complaint.

374.    Deny the allegations set forth in paragraph "374" of the first amended complaint.

375.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "375" of the first amended complaint.

376.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "376" of the first amended complaint.

377.    Deny the allegations set forth in paragraph "377" of the first amended complaint.

378.    Deny the allegations set forth in paragraph "378" of the first amended complaint.

379.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "379" of the first amended complaint.

380.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "380" of the first amended complaint.

381.    Deny the allegations set forth in paragraph "381" of the first amended complaint.

382.    Deny the allegations set forth in paragraph "382" of the first amended complaint.

383.    Deny the allegations set forth in paragraph "383" of the first amended complaint.

384.    Deny the allegations set forth in paragraph "384" of the first amended complaint.

385.    Deny the allegations set forth in paragraph "385" of the first amended complaint.

386.   Deny the allegations set forth in paragraph "386" of the first amended complaint.

387.   Deny the allegations set forth in paragraph "387" of the first amended complaint.

388.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "388" of the first amended complaint, except admit that Mr. Sow's belongings were returned to him and he received a summons.

389.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "389" of the first amended complaint.

390.   Deny the allegations set forth in paragraph "390" of the first amended complaint.

391.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "391" of the first amended complaint.

392.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "392" of the first amended complaint.

393.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "393" of the first amended complaint.

394.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "394" of the first amended complaint.

395.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "395" of the first amended complaint.

396.   Deny the allegations set forth in paragraph "396" of the first amended complaint.

397.   Deny the allegations set forth in paragraph "397" of the first amended complaint.

398.   Deny the allegations set forth in paragraph "398" of the first amended complaint.

399.   Deny the allegations set forth in paragraph "399" of the first amended complaint.

400.   Deny the allegations set forth in paragraph "400" of the first amended complaint.

401.   Deny the allegations set forth in paragraph "401" of the first amended complaint.

402.   Deny the allegations set forth in paragraph "402" of the first amended complaint.

403.   Deny the allegations set forth in paragraph "403" of the first amended complaint.

404.   Deny the allegations set forth in paragraph "404" of the first amended complaint.

405.   Deny the allegations set forth in paragraph "405" of the first amended complaint.

406.   Deny the allegations set forth in paragraph "406" of the first amended complaint.

407.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "407" of the first amended complaint.

408.    Deny the allegations set forth in paragraph "408" of the first amended complaint.

409.    Deny the allegations set forth in paragraph "409" of the first amended complaint.

410.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "410" of the first amended complaint.

411.    Deny the allegations set forth in paragraph "411" of the first amended complaint.

412.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "412" of the first amended complaint.

413.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "413" of the first amended complaint.

414.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "414" of the first amended complaint.

415.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "415" of the first amended complaint.

416.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "416" of the first amended complaint.

417.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "417" of the first amended complaint, except admit that Ms. Durkee was issued a summons.

418.    Deny the allegations set forth in paragraph "418" of the first amended complaint.

419.    Deny the allegations set forth in paragraph "419" of the first amended complaint.

420.    Deny the allegations set forth in paragraph "420" of the first amended complaint.

421.    Deny the allegations set forth in paragraph "421" of the first amended complaint.

422.    Deny the allegations set forth in paragraph "422" of the first amended complaint.

423.    Deny the allegations set forth in paragraph "423" of the first amended complaint.

424.    Deny the allegations set forth in paragraph "424" of the first amended complaint.

425.    Deny the allegations set forth in paragraph "425" of the first amended complaint.

426.    Deny the allegations set forth in paragraph "426" of the first amended complaint.

427.    Deny the allegations set forth in paragraph "427" of the first amended complaint.

428.    Deny the allegations set forth in paragraph "428" of the first amended complaint, except admit that the City has been named in prior civil lawsuits by demonstrators alleging unlawful conduct by the NYPD.

429.    Deny the allegations set forth in paragraphs "429" and "429(a)" through "429(r)"of the first amended complaint, and respectfully refer the Court to the cases cited in

these sub-paragraphs for which, in most if not all instances, no disposition or ruling on the merits of the case allegations has been provided.

430.    Deny the allegations set forth in paragraph "430" of the first amended complaint.

431.    Deny the allegations set forth in paragraph "431" of the first amended complaint.

432.    Deny the allegations set forth in paragraph "432" of the first amended complaint, except admit that at one time, a document entitled "Disorder Control Guidelines" did exist within NYPD.

433.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "433" of the first amended complaint.

434.    Deny the allegations set forth in paragraph "434" of the first amended complaint, and further state that the Disorder Control Guidelines, which are no longer in effect, speak for themselves.

435.    Deny the allegations set forth in paragraph "435" of the first amended complaint, and further state that the Disorder Control Guidelines, which are no longer in effect, speak for themselves

436.    Deny the allegations set forth in paragraph "436" of the first amended complaint.

437.    Deny he allegations set forth in paragraph "437" of the first amended complaint.

438.    Deny the allegations set forth in paragraph "438" of the first amended complaint.

439.     Deny the allegations set forth in paragraph "439" of the first amended complaint.

438.[2]     Deny the allegations set forth in paragraphs "438" and "438(a)" through "438(g)" of the first amended complaint.

440.     Deny the allegations set forth in paragraph "440" of the first amended complaint.

441.     Deny the allegations set forth in paragraph "441" of the first amended complaint, except admit the SRG is a specialized unit within the NYPD.

442.     Deny the allegations set forth in paragraph "442" of the first amended complaint, except admit the SRG is a specialized unit within the NYPD.

443.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "443" of the first amended complaint.

444.     Deny the allegations set forth in paragraph "444" of the first amended complaint, except admit that members of SRG have been present at certain protests, demonstrations and other large gatherings.

445.     Deny the allegations set forth in paragraph "445" of the first amended complaint.

446.     Deny the allegations set forth in paragraph "446" of the first amended complaint.

447.     Deny the allegations set forth in paragraph "443" of the first amended complaint.

---

[2] Note that the first amended complaint contains a numbering error, with the paragraph following paragraph no. "439" erroneously labelled as paragraph no. "438." This is the second paragraph labelled no. "438" that appears in the first amended complaint, with the first paragraph labelled as such following paragraph no. "437" in the first amended complaint.

448.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "443" of the first amended complaint.

449.    Deny the allegations set forth in paragraph "449" of the first amended complaint, and respectfully refer the Court to the cited Corporation Counsel's report at page 37 for its full content and context.

450.    Deny the allegations set forth in paragraph "450" of the first amended complaint.

451.    Deny the allegations set forth in paragraph "451" of the first amended complaint, except admit that certain after action reports were created, the contents of which speak for themselves...

452.    Deny the allegations set forth in paragraph "452" of the first amended complaint, and respectfully refer the Court to the cited article for its full content and context.

453.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "453" of the first amended complaint, and respectfully refer the Court to the cited reports for their full and accurate content and context.

454.    Deny the allegations set forth in paragraph "454" of the first amended complaint.

455.    Deny the allegations set forth in paragraph "455" of the first amended complaint, and respectfully refer the Court to the cited Corporation Counsel's Report, at page 32, for its full and accurate content and context.

456.    Deny the allegations set forth in paragraph "456" of the first amended complaint, except admit that Mayor de Blasio, Commissioner Shea, and then-Chief Monahan

communicated with one another as well as other senior and junior NYPD staff regarding protest activity.

457.    Deny the allegations set forth in paragraph "457" of the first amended complaint.

458.    Deny the allegations set forth in paragraph "458" of the first amended complaint, except admit the deposition transcripts from the *Packard* action speak for themselves.

459.    Deny the allegations set forth in paragraph "459" of the first amended complaint.

460.    Deny the allegations set forth in paragraph "460" of the first amended complaint, and state that all deposition transcripts in other cases, some of which are confidential, speak for themselves.

461.    Deny the allegations set forth in paragraph "461" of the first amended complaint, and respectfully refer the Court to the cited Corporation Counsel's Report, at pages 2, 30-31, for its full and accurate content and context.

462.    Deny the allegations set forth in paragraph "462" of the first amended complaint.

463.    Deny the allegations set forth in paragraph "463" of the first amended complaint.

464.    Deny the allegations set forth in paragraph "464" of the first amended complaint.

465.    Deny the allegations set forth in paragraph "465" of the first amended complaint.

466.    Deny the allegations set forth in paragraph "466" of the first amended complaint.

467.    Deny the allegations set forth in paragraph "467" of the first amended complaint.

468.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "468" of the first amended complaint.

469.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "469" of the first amended complaint.

470.    Deny the allegations set forth in paragraph "470" of the first amended complaint.

471.    Deny the allegations set forth in paragraph "471" of the first amended complaint.

472.    Deny the allegations set forth in paragraph "472" of the first amended complaint, and respectfully refer the Court to the cited case, for which no disposition on the merits is included in paragraph "472."

473.    Deny the allegations set forth in paragraph "473" of the first amended complaint, and respectfully refer the Court to the cited case, for which no disposition on the merits is included in paragraph "473."

474.    Deny the allegations set forth in paragraph "474" of the first amended complaint, and respectfully refer the Court to the cited case, for which no disposition on the merits is included in paragraph "474."

475.    Deny the allegations set forth in paragraph "475" of the first amended complaint.

476.    Deny the allegations set forth in paragraph "476" of the first amended complaint, and respectfully refer the Court to the cited report.

477.    Deny the allegations set forth in paragraph "477" of the first amended complaint.

478.    Deny the allegations set forth in paragraph "478" of the first amended complaint.

479.    Deny the allegations set forth in paragraph "479" of the first amended complaint.

480.    Deny the allegations set forth in paragraph "480" of the first amended complaint, and respectfully refer the Court to the cited Executive Order, which speak for themselves.

481.    Deny the allegations set forth in paragraph "481" of the first amended complaint.

482.    Deny the allegations set forth in paragraph "482" of the first amended complaint.

483.    Deny the allegations set forth in paragraph "483" of the first amended complaint, and respectfully refer the Court to the cited communiqué, Letter from Ernest F. Hart, Deputy Commissioner, Legal Matters, NYPD, to Ida Sawyer, Acting Crisis and Conflict Director, Human Rights Watch (Sept. 16, 2020), available at: https://www.hrw.org/sites/default/files/media_2020/09/Annex%20II_0.pdf, for its full and accurate content and context.

484.    Deny the allegations set forth in paragraph "484" of the first amended complaint.

485.     Deny the allegations set forth in paragraph "485" of the first amended complaint.

486.     Deny the allegations set forth in paragraph "486" of the first amended complaint.

487.     Deny the allegations set forth in paragraph "487" of the first amended complaint.

488.     Deny the allegations set forth in paragraph "488" of the first amended complaint.

489.     Deny the allegations set forth in paragraph "489" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

490.     Deny the allegations set forth in paragraph "490" of the first amended complaint.

491.     Deny the allegations set forth in paragraph "491" of the first amended complaint.

492.     Deny the allegations set forth in paragraph "492" of the first amended complaint.

493.     Deny the allegations set forth in paragraph "493" of the first amended complaint.

494.     Deny the allegations set forth in paragraph "494" of the first amended complaint.

495.     Deny the allegations set forth in paragraph "495" of the first amended complaint.

496.    Deny the allegations set forth in paragraph "496" of the first amended complaint.

497.    Deny the allegations set forth in paragraph "497" of the first amended complaint, and respectfully refer the Court to the cited Executive Orders which speak for themselves.

498.    Deny the allegations set forth in paragraph "498" of the first amended complaint.

499.    Deny the allegations set forth in paragraph "499" of the first amended complaint.

500.    Deny the allegations set forth in paragraph "500" of the first amended complaint.

501.    Deny the allegations set forth in paragraph "501" of the first amended complaint.

502.    Deny the allegations set forth in paragraph "502" of the first amended complaint.

503.    Deny the allegations set forth in paragraph "503" of the first amended complaint.

504.    Deny the allegations set forth in paragraph "504" of the first amended complaint.

505.    Deny the allegations set forth in paragraph "505" of the first amended complaint.

506.    Deny the allegations set forth in paragraph "506" of the first amended complaint.

507.    Deny the allegations set forth in paragraph "507" of the first amended complaint.

508.    Deny the allegations set forth in paragraph "508" of the first amended complaint.

509.    Deny the allegations set forth in paragraphs "496" and "496(a)" through "496(d)" of the first amended complaint.

510.    Deny the allegations set forth in paragraph "510" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

511.    Deny the allegations set forth in paragraph "511" of the first amended complaint.

512.    Deny the allegations set forth in paragraphs "512" and "512(a)" through "512(m)" of the first amended complaint.

513.    Deny the allegations set forth in paragraph "513" of the first amended complaint.

514.    Deny the allegations set forth in paragraph "514" of the first amended complaint.

515.    Deny the allegations set forth in paragraph "515" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

516.    Deny the allegations set forth in paragraph "516" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

517.    Deny the allegations set forth in paragraph "517" of the first amended complaint.

518.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "518" of the first amended complaint.

519.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "519" of the first amended complaint.

520.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "520" of the first amended complaint.

521.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "521" of the first amended complaint.

522.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "522" of the first amended complaint.

523.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "523" of the first amended complaint.

524.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "524" of the first amended complaint.

525.    Deny the allegations set forth in paragraph "525" of the first amended complaint.

526.    Deny the allegations set forth in paragraph "526" of the first amended complaint.

527.    In response to the allegations set forth in paragraph "527" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

528.    Deny the allegations set forth in paragraph "528" of the first amended complaint.

529.     Deny the allegations set forth in paragraph "529" of the first amended complaint.

530.     Deny the allegations set forth in paragraph "530" of the first amended complaint.

531.     Deny the allegations set forth in paragraph "531" of the first amended complaint.

532.     Deny the allegations set forth in paragraph "532" of the first amended complaint.

533.     In response to the allegations set forth in paragraph "533" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

534.     Deny the allegations set forth in paragraph "534" of the first amended complaint.

535.     Deny the allegations set forth in paragraph "535" of the first amended complaint.

536.     Deny the allegations set forth in paragraph "536" of the first amended complaint.

537.     In response to the allegations set forth in paragraph "537" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

538.     Deny the allegations set forth in paragraph "538" of the first amended complaint.

539.     Deny the allegations set forth in paragraph "539" of the first amended complaint.

540.     Deny the allegations set forth in paragraph "540" of the first amended complaint.

541.     Deny the allegations set forth in paragraph "541" of the first amended complaint.

542.     Deny the allegations set forth in paragraph "542" of the first amended complaint.

543.     Deny the allegations set forth in paragraph "543" of the first amended complaint.

544.     Deny the allegations set forth in paragraph "544" of the first amended complaint.

545.     Deny the allegations set forth in paragraph "545" of the first amended complaint.

546.     Deny the allegations set forth in paragraph "546" of the first amended complaint.

547.     Deny the allegations set forth in paragraph "547" of the first amended complaint.

548.     Deny the allegations set forth in paragraph "548" of the first amended complaint.

549.     Deny the allegations set forth in paragraph "549" of the first amended complaint.

550.    Deny the allegations set forth in paragraph "550" of the first amended complaint.

551.    Deny the allegations set forth in paragraph "551" of the first amended complaint.

552.    Deny the allegations set forth in paragraph "552" of the first amended complaint.

553.    Deny the allegations set forth in paragraph "553" of the first amended complaint.

554.    In response to the allegations set forth in paragraph "554" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

555.    Deny the allegations set forth in paragraph "555" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

556.    Deny the allegations set forth in paragraph "556" of the first amended complaint.

557.    Deny the allegations set forth in paragraph "557" of the first amended complaint.

558.    Deny the allegations set forth in paragraph "558" of the first amended complaint.

559.    In response to the allegations set forth in paragraph "559" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

560.    Deny the allegations set forth in paragraph "560" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

561.    Deny the allegations set forth in paragraph "561" of the first amended complaint.

562.    Deny the allegations set forth in paragraph "562" of the first amended complaint.

563.    Deny the allegations set forth in paragraph "563" of the first amended complaint.

564.    Deny the allegations set forth in paragraph "564" of the first amended complaint.

565.    In response to the allegations set forth in paragraph "565" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

566.    Deny the allegations set forth in paragraph "566" of the first amended complaint.

567.    Deny the allegations set forth in paragraph "567" of the first amended complaint.

568.    In response to the allegations set forth in paragraph "568" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

569.    State that the allegations set forth in paragraph "569" of the first amended complaint are legal conclusions to which no response is required.

570.    Deny the allegations set forth in paragraph "570" of the first amended complaint.

571.    Deny the allegations set forth in paragraph "571" of the first amended complaint.

572.    Deny the allegations set forth in paragraph "572" of the first amended complaint.

573.    Deny the allegations set forth in paragraph "573" of the first amended complaint.

574.    Deny the allegations set forth in paragraph "574" of the first amended complaint.

575.    Deny the allegations set forth in paragraph "575" of the first amended complaint.

576.    Deny the allegations set forth in paragraph "576" of the first amended complaint.

577.    Deny the allegations set forth in paragraph "577" of the first amended complaint.

578.    Deny the allegations set forth in paragraph "578" of the first amended complaint.

579.    Deny the allegations set forth in paragraph "579" of the first amended complaint.

580.    Deny the allegations set forth in paragraph "580" of the first amended complaint.

581.    Deny the allegations set forth in paragraph "581" of the first amended complaint.

582.    Deny the allegations set forth in paragraph "582" of the first amended complaint.

583.    Deny the allegations set forth in paragraph "583" of the first amended complaint.

584.    Deny the allegations set forth in paragraph "584" of the first amended complaint.

585.    Deny the allegations set forth in paragraph "585" of the first amended complaint.

## FIRST AFFIRMATIVE DEFENSE

586.    The first amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

587.    Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

## THIRD AFFIRMATIVE DEFENSE

588.    Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

589.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE

590.    To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE

591.    Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE

592.    Plaintiffs provoked any incident.

## EIGHTH AFFIRMATIVE DEFENSE

593.    Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

594.    Plaintiffs have failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## TENTH AFFIRMATIVE DEFENSE

595.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

## ELEVENTH AFFIRMATIVE DEFENSE

596.   At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TWELFTH AFFIRMATIVE DEFENSE

597.   Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## THIRTEENTH AFFIRMATIVE DEFENSE

598.   Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

## CONCLUSION

**WHEREFORE,** defendants Edward Carrasco, Talha Ahmad and Kevin Agro respectfully request that the First Amended Class Action Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and

disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            May 4, 2021

                                    **GEORGIA M. PESTANA**
                                    Acting Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants
                                    100 Church Street
                                    New York, N.Y. 10007-2601
                                    212-356-3517

By:   *Dara L. Weiss s/*
                               Dara L. Weiss
                                 Elissa Jacobs
                               Brachah Goykadosh

**BY ECF:**    All Counsel

21-cv-00533 (CM)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOW, <u>et al.</u>,

Plaintiffs,

-against-

CITY OF NEW YORK, <u>et al.</u>,

Defendants.

**ANSWER TO FIRST AMENDED CLASS ACTION
COMPLAINT**

***GEORGIA M. PESTANA***
Acting Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York  10007-2601

Of  Counsel:  Dara L. Weiss
Tel.: 212-356-3517

*Service of which is hereby acknowledged:*

..........................................., N.Y.  Dated: ...........................................

Signed:  .........................................................................

Print Name:  ....................................................................

Attorney for:  ..................................................................