



June 23, 2021

**VIA ECF**
The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *In re: New York City Policing During Summer 2020 Demonstrations*,
>       1:20-CV-8924 (CM) (GWG)
>       This Letter Relates to All Cases

Dear Judge Gorenstein:

     We write on behalf of the Plaintiffs in these Consolidated Actions in advance of tomorrow's conference scheduled for 5 p.m. and pursuant to the Court's minute entry of June 15. Since the Court conference last Tuesday, June 15, little substantive progress has been made. Other than periodically producing body worn camera footage in advance of scheduled Plaintiffs' depositions, Defendants have made only one production of documents on June 16, when they produced: (i) an unredacted version of a partial list of *some* NYPD commanders, which Defendants promised at the first meet and confer; (ii) a mass arrest report for the Mott Haven protest on June 4, 2020; (iii) policy and accompanying training materials on "Constitutional Policing at Community Events," dated June 9, 2021; and (iv) event chronologies for various protest dates. Thus, in total, Defendants have served 26 additional documents — all of which were easily accessible. Defendants also sent Plaintiffs a five-page letter, attached as **Exhibit A** ("Defendants' Letter" or "Letter"), purporting to "provide more detailed information" about their anticipated productions but which does not provide the information required by the Court. On June 18, Defendants served Second Amended responses and objections to Plaintiffs' Consolidated Document Requests and Interrogatories, but the amendments were minimal and failed to resolve Plaintiffs' concerns with the earlier responses.

     Defendants' failure to make sufficient progress in responding to Plaintiffs' requests for documents and to fulsomely describe what work they have done and are doing to locate and produce documents makes it clear that Defendants' current pace of production will further prejudice Plaintiffs' ability to meet the current discovery schedule. The Court should order the immediate production of certain categories of long-overdue responsive documents; an accelerated weekly production schedule with presumptive minimum thresholds for production; and require meaningful responses to Plaintiffs' interrogatories.

## I.    Defendants' Progress in Producing Documents is Insufficient.

Four months after the Court entered an extremely tight scheduling order, and just over a week before Plaintiffs' deadline to identify experts, Defendants have produced only a tiny fraction of the relevant documents responsive to Plaintiffs' document demands. There remain obvious categories of responsive documents that should long ago have been reviewed and prepared for production, such as documents gathered and produced for outside investigations and after-action reports regarding specific protest events, to name only a few. Despite repeated requests for these documents, Defendants have—inexplicably—failed to provide them. The concerns Plaintiffs raised in their June 9 letter to the Court about the threat Defendants' slow pace of production poses to the Court's scheduling order have only grown more acute.

## II.    Defendants' Disclosure Letter and Second Amended Responses and Objections to Plaintiffs' Discovery Demands Strongly Suggest Defendants Cannot Comply With Their Discovery Obligations in a Timely Manner.

### A. Defendants' Letter Fails to Provide the Information Required by this Court.

Contrary to this Court's clear instructions, Defendants' Letter regarding the method and manner of their search for documents does not meaningfully "describe" what they are and "are not going to do with respect to searching for documents." *See* Disc. Conf. Tr. 11: 17-18, Jun. 15, 2021. Defendants do not identify with any specificity the custodians they are searching, the scope of those searches, what has been collected, "what it's going to take," and "how many people are doing it." Tr. 17:20:22. Instead, Defendants continue to assert that they are searching for things and will produce them at some point in the future, with no specifics that would allow Plaintiffs or this Court to determine whether Defendants are meeting their discovery obligations.

For example, in their discussion of the outstanding footage of the protests and incidents at issue, Defendants state that "[a]dditional footage is being searched for" without identifying that search process or even the custodians to be searched. *See,* Ex. A, at 1. Similarly, in describing their process for reviewing documents, Defendants provide no details about the numbers of documents they are able to review and process each day or week. They do not even answer the basic question of how many attorneys and staff are working on this project. While they insist that they can "run searches" and "develop an efficient review workflow," *see id.* at 2, Plaintiffs are left to guess as to whether that is being done and at what rate—and by whom.[1]

Even with respect to records that they already have produced in other investigations to the Corporation Counsel and the Department of Investigation, Defendants do not identify how many documents they have collected, how many people are reviewing them, and how many remain to be reviewed before they can be produced to Plaintiffs. For example, Defendants state that they will produce some documents already produced to the Corporation Counsel next week but that many are being reviewed and will be produced (or withheld for privilege) at some point

---

[1] In meet and confers, Defendants have suggested that their case is staffed very leanly, for instance dedicating only one attorney to take and defend depositions. Judge McMahon has already said that this is not a sufficient excuse for not meeting the Court's discovery schedule. *See* ECF No. 149 (Judge McMahon: "suggest to your supervisors that more than one line attorney will be needed to litigate this case on the schedule I have set").

"prior" to the July 31, 2021 deadline. Defendants do not say even whether their attorneys have these documents yet; and before last week's conference, they acknowledged they did not. Similarly, for the documents already produced to the Department of Investigation, Defendants simply state that they are working with the DOI to obtain those documents, without providing any other information that the Court can use to evaluate the reasonableness of Defendants' responses.

It should not be difficult for Defendants to explain, as the Court has required, "what it's going to take" and "how many people are doing it." Instead, they continue to fall back on vague promises that documents will be produced, without any specifics that instill confidence that the trickle of production will meaningfully accelerate or that permit potential disputes about the specifics of their production to ripen.

### B. Defendants' Letter and Second Amended Responses to Plaintiffs' Requests Continue to Obfuscate What They Are Searching and Will Produce.

Defendants' Letter and Second Amended Responses and objections to Plaintiffs' First Consolidated Requests for Documents do not meaningfully identify what Defendants will produce and make clear that they are not undertaking an adequate search for documents such that document discovery can be completed by July 31, 2021. Throughout their Second Amended Responses, they repeatedly state that, to the extent information has not been provided (which it has not), "they are continuing to search for documents" and will supplement no later than July 31, 2021. *See, e.g.*, Responses to Req. Nos. 1, 2, 3, 4, 7, 8, 9, 10, 11, and 12. Because Defendants have produced so few documents, Plaintiffs have no way to determine if Defendants are conducting an appropriate search for responsive documents and whether it is likely that they will produce responsive and proportional documents by the July 31 deadline.

Requests Nos. 1 and 2, for example, seek a variety of documents concerning "policies, procedures, directives, and training materials" promulgated by the NYPD relating to the demonstrations, protests, enforcement of curfews, and "disorder control." Defendants' Second Amended Responses, attached as **Exhibit B**, continue to refer primarily to the Patrol Guide in response to Requests Nos. 1 and 2 and say that they are continuing to search for responsive documents. For the first time, in their Letter, Defendants also identify Finest Messages that "may" be responsive but do not provide any update on what they are doing to search those and when they will be produced. For the first time in their Letter, Defendants identify that there may be some additional training materials and policy documents that they will produce. This belated admission makes clear that they have not made any kind of reasonable search to determine what documents are responsive to this request.

As another example, Request No. 7 seeks a variety of documents sufficient to identify the officers, deployments, commands, and instructions for each Officer who was assigned to or responded to the specific protest locations at issue; specific forms and reports related to such deployment; and communications relating to the deployment of Strategic Response Group officers. Such documents are critical to identifying key witnesses and the scope of their duties and instructions at the protests. Defendants' Second Amended Responses make clear that they

are withholding responsive documents and will not produce information regarding "each and every Officer" at the protests but will continue to search and produce *something* no later than July 31, 2021.[2] Defendants' Letter states more specifically that Defendants will withhold UF49's because their collection would be "very difficult to locate and likely of no probative value," but does not explain whether they will withhold any other documents in response to Request No. 7. Defendants' vague objections fail to state exactly what Defendants are plan to withhold or the reasons for doing so.

Similarly, Defendants state in their Second Amended Responses and their Letter that they will produce some documents and are continuing to search for others in response to Requests 8 and 9, which seek communications, documents, and footage related to the protests and arrests at the protests. In both cases, they state that many of these documents are among those already produced to DOI and to the Attorney General. But the prior production to the Attorney General does not include all, or even many, documents responsive to these requests. For instance, whereas the documents requested during the Attorney General's investigation were limited, in part, to specific incidents occurring prior to August 2020, Plaintiffs have demanded documents from all 83 of the racial justice protests that occurred between May 28, 2020 and January 18, 2021. Further, while Defendants have produced body-worn camera footage involving named plaintiffs, they have not provided any that relate to the named individuals in the *People*'s complaint. Defendants' failure to produce responsive documents thus far and to identify what they have searched for and how many documents they have gathered strongly suggests that the forthcoming productions—if any—will be insufficient. Accordingly, Defendants must start making substantial productions immediately.

### C. Defendants' Letter and Second Amended Responses to Plaintiffs' Consolidated Interrogatories Fail to Provide Relevant Information.

Defendants' June 18, 2021 Second Amended Interrogatory Responses, attached as **Exhibit C,** are almost identical to the prior two versions of their interrogatory responses (*Compare* Ex. C *with* Dkt. 163-2 at 47-59 and 163-6 at 48-60). They repeat, and in many cases compound, the deficiencies in Defendants' prior two versions of their interrogatory responses, which Plaintiffs detailed in letters dated May 10, 2021 and May 15, 2021 (Dkt. 163-3 and 163-4) and discussed in the meet-and-confers leading up to the impasses described in Plaintiffs' June 9, 2021 letter to the Court (Dkt. 163). For example, Defendants' Second Amended Interrogatory Responses provide virtually no information responsive to each interrogatory and are still overwhelmingly non-specific, vague, and boilerplate objections. Where Defendants claim burden or lack of relevance, they have not described the nature of the burden or explained their position as to the lack of relevance. The responses provide no indication that they are based on information provided by the individual Defendants or parties with relevant knowledge or that

---

[2] In their June 21 Letter, Defendants claim that many of these documents already were produced to the DOI and the Attorney General's office. Counsel for the *People* dispute that claim; the NYPD provided only select deployment data and use of force reports for various periods between late May and early June 2020, but no other such data and reports for the remainder of the protest period, nor any of the communications that Request 7 seeks. In any event, this claim makes the failure to produce any documents even more striking, as they should be readily available for production.

Defendants have made any effort to ensure the completeness or accuracy of the responses. They are not verified under oath by anyone. And, critically, when Defendants say that documents they have produced elsewhere provide responsive information, the documents they point to do not provide that information.

As it relates to Defendants' interrogatory responses, Defendants' letter does not provide any of the "algorithm" information the Court directed Defendants to provide at the June 15 conference and provides no reassurance that a meaningful process is underway to gather and produce responsive information quickly. The points addressing Interrogatories 8-14, for example, note that "[t]his information will be contained in the documents, which are to be provided in response to the document requests"; "We have reached out to the Mayor's office for this information"; and "Defendants are attempting to locate responsive information, but the request is overly broad, and unduly burdensome….However, to the extent there is any documentation that records the information you seek, we will provide the information herein." In other points, Defendants merely reference records they have not yet produced (or apparently searched for), or—worse—reference records they have produced but that do not in fact contain responsive information. For example, Defendants say that "detail rosters and MAPC spreadsheets" will provide all of the information responsive to Interrogatories 1-6, but those documents contain little information responsive to those requests, and certainly do not fully answer the questions. Instead, they provide information about some arrestees and some officers, at some protest locations. And *that* information only forms a partial response to Interrogatories 1 and 6; it contains none of the information Interrogatories 2-5 seek. Further, Defendants have only produced *some* Detail Rosters and *two* Mass Arrest reports—covering a tiny fraction of the protests at issues.

### III.     The Court Must Accelerate Defendants' Production Responsibilities

Given Judge McMahon's clear command to move discovery efficiently and quickly, Defendants must begin substantial rolling productions immediately. Plaintiffs request the following be disclosed no later than **Monday, June 28**: (1) documents already produced as part of the DOI, Corporation Counsel, and Attorney General investigations; (2) after-action reports relating to the protest events specified in the appendix to their consolidated discovery demands; (3) all responsive training documents; (4) all documents Defendants claim in their response to Interrogatories 1-9 will provide the requested information; (5) full and complete responses to Interrogatories 2-5, 10 and 11. Thereafter, Defendants should be required to make ***weekly*** productions of at least 1,000 pages.[3] If Defendants are unable to meet this threshold in any given week, they should send a letter to Plaintiffs explaining why and detailing their plan to ensure that the threshold will be met no later than three days from the weekly deadline. Finally, Plaintiffs request that the Court order Defendants to provide full and complete responses to Interrogatory No. 14 and verified answers to Interrogatories Nos. 12-13 from each individual Defendant by July 2.

Respectfully submitted,

---

[3] To be clear, 1,000 pages a week will *not* be sufficient to complete discovery by the end of the discovery period. There are likely well over a hundred thousand pages of documents that are relevant and necessary to handle this case — emails traffic alone will likely clear that bar. But *some* floor is necessary as a starting point.

NEW YORK CIVIL LIBERTIES UNION
    FOUNDATION
By: s/*Molly K. Biklen*
   Molly K. Biklen
  Jessica Perry
  Daniel R. Lambright
  Robert Hodgson
  Lisa Laplace
  Christopher T. Dunn
  125 Broad Street, 19th Floor
  New York, N.Y. 10004
  (212) 607-3300
  mbiklen@nyclu.org

THE LEGAL AID SOCIETY

By: *s/ Corey Stoughton*
  Corey Stoughton
  Jennvine Wong
  199 Water Street
  New York, NY 10038
  (212) 577-3367
  cstoughton@legal-aid.org

*Co-Counsel for Plaintiffs in Payne v. De Blasio, No. 20-cv-8924*

**[Full signatures on following pages]**

cc: All relevant parties by electronic filing.

**BELDOCK LEVINE & HOFFMAN LLP**

By: _____
    Jonathan C. Moore
    David B. Rankin
    Luna Droubi
    Marc Arena
    Deema Azizi
    Rebecca Pattiz
    Katherine "Q" Adams
    Regina Powers

99 Park Avenue, PH/26th Floor
New York, New York 10016
    t: 212-490-0400
    f: 212-277-5880
    e: jmoore@blhny.com
      drankin@blhny.com
      ldroubi@blhny.com
      marena@blhny.com
      dazizi@blhny.com
      rpattiz@blhny.com
      qadams@blhny.com
      rpowers@blhny.com

**WYLIE STECKLOW PLLC**

_____

By: Wylie Stecklow
Wylie Stecklow PLLC
231 West 96th Street
Professional Suites 2B3
NYC NY 10025
t: 212 566 8000
Ecf@wylielaw.com

**GIDEON ORION OLIVER**

_____
277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**COHEN&GREEN P.L.L.C.**

By: _____
Elena L. Cohen
J. Remy Green
Jessica Massimi

1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
    t: (929) 888-9480
    f: (929) 888-9457
    e: elena@femmelaw.com
      remy@femmelaw.com
      jessica@femmelaw.com

**LORD LAW GROUP PLLC**

_____
Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10005
P: 718-701-1002
E: lord@nycivilrights.nyc

*Counsel for Plaintiffs in Sow v. City of New York, No. 21-cv-533*

Anisha S. Dasgupta
 *Deputy Solicitor General*
Philip J. Levitz
 *Assistant Solicitor General*

LETITIA JAMES
*Attorney General of the State of New York*

By: /s/ _____
Jessica Clarke, *Chief of Civil Rights Bureau*
Lillian Marquez, *Assistant Attorney General*
Swati Prakash, *Assistant Attorney General*
Travis England, *Assistant Attorney General*
Jaclyn Grodin, *Assistant Attorney General*
Gregory Morril, *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street, 20th Floor
New York, NY 10005
(212) 416-8250
Jessica.Clarke@ag.ny.gov

*Counsel for Plaintiff in People of the State of New York v. City of New York, No. 21-cv-322*

HAMILTON CLARKE LLP

/s/ _____
Lance A. Clarke, Esq.
Jason Clark, Esq.
Michael L. Spiegel, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
(212) 729-0952

*Co-Counsel for Plaintiffs in Sierra et al v. City of New York, No. 20-cv-10291*

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.

/s/ _____
Joshua S. Moskovitz, Esq.
14 Wall Street, Suite 1603
New York, NY 10005
(212) 380-7040

*Co-Counsel for Plaintiffs in Sierra et al v. City of New York, No. 20-cv-10291*

RICKNER PLLC

/s/_____
Rob Rickner
14 Wall Street
Suite 1603
NY NY 10005

*Co-Counsel for Plaintiffs in Sierra et al v. City of New York, No. 20-cv-10291*


KAUFMAN LIEB LEBOWITZ & FRICK LLP

/s/ _____
Douglas E. Lieb
10 East 40th Street, Suite 3307
New York, NY 10016
(212) 660-2332
dlieb@kllf-law.com

*Counsel for Plaintiff in Wood v. de Blasio, et al, No. 20-cv-10541*


STOLL, GLICKMAN & BELLINA, LLP

/s/ _____
Andrew B. Stoll
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
(718) 852-3710
astoll@stollglickman.com

*Counsel for Plaintiff Cameron Yates, No. 21-cv-1904*