# Exhibit A



**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**DARA L. WEISS**
*Senior Counsel*
daweiss@law.nyc.gov
Phone:  (212) 356-3517
Fax:  (212) 356-1148

June 21, 2021

**By Email**
All Counsel

    In Re:  *New York City Policing During Summer 2020 Demonstrations*,

Counsel:

    I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York and I am among counsel for the defense in the above-referenced matter. I write in accordance with Magistrate Judge Gorenstein's June 15th instructions to provide more detailed information regarding defendants' upcoming document productions.

    As an initial matter, defendants are aware that you are awaiting the documents produced to the Department of Investigation, Attorney General and Corporation Counsel last summer in order for them to complete their investigations.  The NYPD has gathered those documents, and this office will begin to produce them next week.  Some documents, such as arrest reports, C-summonses, and TRI reports will come first, as they are unlikely to contain sensitive materials and will require little review/redaction.  Other documents will come later, because they will need a more thorough two-layer review, as they may contain highly sensitive, privileged, and/or other information which if disclosed may compromise law enforcement actions or expose both police personnel and civilians to risk of physical harm. These documents are currently being reviewed by both NYPD and this office and will be produced prior to the July 31, 2021 deadline.  As for documents provided to the Department of Investigation, as subpoenaed by the Attorney General's office, we are working with the Department of Investigation to obtain those documents and have agreed to represent the DOI for the purposes of any subpoena.

    Next, with respect to ARGUS camera footage, SPRINT reports, and radio transmissions, as you are aware, some of these documents have been provided for incidents where plaintiffs have provided precise times and locations.  Additional footage is being searched for.  As some of the 83 protests listed on Schedule A do not have detailed times and locations (some simply list a borough or neighborhood),and the protests span numerous boroughs/precincts/locations and times, it is much more difficult to retrieve any ARGUS footage.  If plaintiffs' counsel are able to narrow down times and locations, it will make the search faster and easier.

With respect to specific procedures this office is using to receive, review and produce documents, I am advised that once the Law Department receives documents from our client, we send the documents to our electronic discovery vendor for processing. Depending on the size and nature of the document collection, the processing can take anywhere from a day to more than a week. Once the documents are processed, they are loaded into Relativity, a document review platform, for review. At that point, we can run searches, develop an efficient review workflow, conduct the review, code for responsiveness, privilege, and confidentiality, and apply any necessary redactions. The time required depends on the size and complexity of the production.

After review is completed, we will perform quality control checks. After that, we will send the production to our vendor, who then runs a production using the agreed upon production specifications. This can take anywhere from a few hours to more than a week. Once the production is completed, the vendor sends it to the Law Dept. and internal quality control checks are performed. Once the quality control process is completed, we can then deliver the production to plaintiffs via the agreed-upon protocol.

As for ongoing document searches/reviews stemming from plaintiffs' consolidated interrogatories and document requests, defendants can give you the following specifics:

- Document Requests 1 and 2: There are no specific sections that deal with "demonstration or protests" as opposed to any other situation. There are sections and trainings that deal with "unusual disorders" and "special events," as well as "encirclement." There are also Patrol Guide sections and FINEST messages that deal with COVID protocols and the curfew, which may be responsive. Although the Patrol Guide sections are publicly available, we will provide applicable sections in a separate correspondence, and provide additional trainings and policy documents as mentioned above in either the production on June 30 or July 14. Finally, we have located two documents regarding the Mass Arrest Processing Center which I have attached to this letter.
- Document Requests 3-6: There is nothing further available that is responsive to this request. NYPD personnel do have training resumes, which we are currently assessing the relevancy and responsive of. To the extent they are deemed relevant and responsive, they will be provided for named defendants only.

- Document Request 7: Most, if not all of the responsive documents are included in the documents provided to the Attorney General and Department of Investigation and will be provided with those productions. With respect to subsection (g), a search for UF49's will be unduly burdensome as this encompasses nearly any document any NYPD employee creates regarding the incident, much of which would be very difficult to locate and likely of little probative value.

- Document Request 8: Once again, most responsive documents are included in the documents provided to the Attorney General and Department of Investigation and will be provided with those productions.
  Media collections were performed for most days from May 29, 2020-October 5, 2020, and the results will be provided. DCPI Press releases are being collected and will be provided.
  No specific records were kept of dispersal orders/warnings, and were not required at the time of these protests, although new NYPD policy requires documentation and recording of LRAD warnings.

- Document Request 9: As noted above, arrest reports and C-summonses will be provided next week. Due to the large number of documents related to non-party arrestees requested, the additional documents requested in 9 a-n will be produced, but not next week.
  Subsection (o) is unclear, but if plaintiffs are seeking memobooks for all arresting officers for all arrestees at all 83 protests, defendants submit that request is overly burdensome as there is no indication that such entries have any relevance to the claims in the actions.
  Subsections (s)-(v) are not documents that are in the possession of the defendants.
  Body worn camera footage related to the named parties has and is continuing to be provided. Defendants submit that producing all BWC footage for all members of service present at all 83 protests is overly burdensome.

- Document Request 10: As it is difficult to discern specifically what plaintiffs mean by "stopped," defendants can only provide documents as to "stops" that were documented. This information, but without the identity of the individual who may have been stopped is included in the documents provided to the Attorney General and Department of Investigation and will be provided with those productions.

- Document Request 11: This information is included in the documents provided to the Attorney General and Department of Investigation and will be provided with those productions.

- Document Requests 12 and 13 are duplicative of previous requests and will be answered in accordance with those responses.

- Document Requests 14, 16 and 17: Disciplinary documents for the named officers will be provided with the June 30 production. We are awaiting information with respect to officers disciplined or recommended to be disciplined for actions during the protests and will be provided.

- Document Request 15: We have requested information from the CCRB and are awaiting a response.

- Document Requests 18-19: The parameters for this response will be discussed further in the ESI production meet and confer scheduled for later this week.

- Document Request 20: Although we are attempting to locate responsive documents, we do not think it is possible to locate and provide all responsive documents, nor do we believe that they all would be relevant. Notwithstanding, if any responsive documents are located, they will be provided.

- Document Request 21: Any communications would have been verbal, so defendants have nothing to produce in response to this request.

- Documents Requests 22&23: These documents do exist, they are currently undergoing a review by the NYPD, and are expected to be produced to this office soon, at which point they will be reviewed for responsiveness, relevance, and privilege.

- Document Request 24: This information is included in the documents provided to the Attorney General and Department of Investigation and will be provided with those productions.

- Document Request 25: In addition to the response previously provided, defendants will also provide joint operation center summaries and recaps from the Eric Garner protests.

- Document Requests 26-29: Defendants refer plaintiffs to their Second Amended Responses.

- Document Requests 30-35: Although there are no responsive documents to requests 32, 33 and 34, the documents which will be provided above in response to the previous requests will serve as defendants' responses to these requests.

- Document Request 36-38: Defendants refer plaintiffs to their Second Amended Responses.

- Document Request 39: The responsive documents are contained in the NYPD Patrol Guide, and although the Patrol Guide sections are publicly available, we will provide applicable sections in a separate correspondence.

- Document Request 40: See attached, which is the only known document responsive to this request.

- Document Request 41: Other than the documents attached, the responsive documents are contained in the NYPD Patrol Guide, and although the Patrol

    Guide sections are publicly available, we will provide applicable sections in a separate correspondence.

- Document Request 42-43: Defendants refer plaintiffs to their Second Amended Responses.

- Interrogatories 1-6: The detail rosters and MAPC spreadsheets will contain this information, and those are contained in the Attorney General and DOI productions. We are trying to get copies of these particular documents as quickly as possible so that they can be produced in the first batch.

- Interrogatories 7-9: This information will be contained in the documents, which are to be provided in response to the document requests.

- Interrogatory 10: The parameters for this response will be discussed further in the ESI production meet and confer scheduled for later this week, as it seems to be ESI-related.

- Interrogatory 11: We have reached out to the Mayor's office for this information.

- Interrogatories 12-13: Defendants are attempting to locate responsive information, but the request is overly broad, and unduly burdensome. Without speaking to every NYPD employee present, and hoping they have flawless memories, there is no way to answer these interrogatories accurately. However, to the extent there is any documentation that records the information you seek, we will provide the information therein.

- Interrogatory 14: Although a period of 20 years prior to the dates of incident is on its face improper, defendants are searching for the information you seek for a period of five years prior to May 2020. If the search turns out to be easily conducted, and it is not difficult to find similar information for a period of more than five years, defendants may provide that information as well.

    If you require any further information or explanation, feel free to contact the undersigned prior to Thursday's follow-up Conference scheduled before Magistrate Judge Gorenstein.

    Sincerely,

*Dara L. Weiss s/*
Dara L. Weiss
*Senior Counsel*
Special Federal Litigation Division