<1a>

 

January 20, 2023

**Via ECF**
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      *Re: In re: New York City Policing During Summer 2020 Demonstrations, No. 20-CV-8924*
      *This Filing is Related to All Cases*

Dear Judge Gorenstein:

      We write on behalf of Plaintiffs in response to Defendants' January 13, 2023 letter (Dkt. No. 815), and attached declaration, ("Conforti Declaration") (Dkt. No. 815, Exhibit C), which were submitted at the Court's invitation in further opposition to Plaintiffs' pending motion to compel the production of documents relating to the NYPD's after-action review of the summer 2020 protests. The letter and declaration do not cure Defendants' failure to invoke the deliberative process privilege properly because, by their own admission, they do not provide a declaration from a head of department or identify that such a decision has been delegated to a retired officer. Moreover, the declaration from retired Chief Conforti fails to engage with either of Plaintiffs' two independent arguments for disclosure of the documents – namely, (1) that Plaintiffs' need for the documents overcomes the deliberative process interest articulated by Chief Conforti and (2) production of the documents with appropriate redactions would protect the concerns Chief Conforti articulates while allowing Plaintiffs access to non-privileged, factual information contained in the disputed documents.

      As courts in this Circuit have explained, the requirement that the privilege be invoked by the head of department is an important one as it "reflects a deviation from the norm of full transparency in litigation and thus should only be exercised by the head of an agency or through tightly controlled delegation." *United States v. Wey*, 252 F. Supp. 3d 237, 250 (S.D.N.Y. 2017) (internal quotation marks). Accordingly, the claim "must be lodged by the head of the agency after personal consideration of the allegedly privileged material or by a subordinate with high authority pursuant to guidelines on the use of the privilege issued by the head of the agency." *In re MTBE,* 643 F.Supp.2d at 443 (internal quotation marks). Here, Defendants' declaration makes clear that this claim of privilege was reviewed not by a current head or delegee, but by a retired officer. While Chief Conforti may have personal knowledge of the facts at issue, this does not supplant the requirement that the agency itself set forward the claim of privilege. *Resol. Tr.*

*Corp. v. Diamond*, 137 F.R.D. 634, 641 (S.D.N.Y. 1991) (agency claiming privilege must provide precise reasons for preserving the confidentiality of the information).

Moreover, in response to Plaintiffs' argument about their need for the documents, Defendants continue to offer only generic assertions about the chilling effect of disclosure. They do not engage at all with the sound reasons why courts treat police departments' claims of chilling with special scrutiny. *See* Plaintiffs' Reply Memorandum of Law in Support of Motion to Compel, ("Plaintiff's Reply"), Dkt. No. 708, at 2, citing *MacNamara v. City of New York*, 249 F.R.D. 70, 80, 82-83 (S.D.N.Y. 2008) ("NYPD employees retain a strong incentive-namely, a desire to enhance public safety and to fulfill their professional obligations-to relay to their superiors recommendations regarding operational policies…defendants' case for non-disclosure or restricted disclosure must be extremely persuasive.") (internal quotation marks). Instead of engaging with this reasoning, Defendants generically assert that the at-issue documents are "[h]ighly sensitive," and that disclosure "would inhibit the candor of NYPD officials in the formulation of policies" – statements that merely parrot the legal standard for establishing a prima facie case for application of the privilege. Conforti Declaration ¶ 8. Therefore, Defendants have failed to meet their burden, and the qualified privilege must yield Plaintiffs' need for the at-issue documents. *MacNamara*, 249 F.R.D. at 80 (the party invoking the privilege holds the burden of persuasion).

Finally, Defendants do not contest that redaction would allow for release of the non-privileged portions of the at-issue documents. Despite Defendants' rebranding of the materials as "Policing Recommendations," Conforti Decl. ¶ 4, they neither dispute that the documents contain some factual and other non-privileged information nor assert that such information is "inextricably intertwined" with the privileged material. *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 85 (2d Cir. 1979). Thus, no exception applies, and Plaintiffs are entitled to all the non-privileged information in the documents.

Accordingly, Plaintiffs request that the Court grant Plaintiffs' motion to compel the at-issue documents. Alternatively, Plaintiffs request that the Court proceed with in-camera review and order Defendants to produce the documents with privileged material redacted.

Respectfully submitted,

*/s/ Corey Stoughton*
COREY STOUGHTON
The Legal Aid Society
199 Water Street
New York, N.Y. 10038
(212) 577-3367
cstoughton@legal-aid.org