UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADAMA SOW, DAVID JAKLEVIC, ALEXANDRA DE MUCHA PINO, OSCAR RIOS, BARBARA ROSS, MATTHEW BREDDER, SABRINA ZURKUHLEN, MARIA SALAZAR, DARA PLUCHINO, and SAVITRI DURKEE, on behalf of themselves and others similarly situated,

                        Plaintiffs,

- against -

CITY OF NEW YORK; MAYOR BILL DE BLASIO; NEW YORK CITY POLICE DEPARTMENT COMMISSIONER DERMOT SHEA; NEW YORK CITY POLICE DEPARTMENT CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD DETECTIVE EDWARD CARRASCO (SHIELD NO. 1567); NYPD OFFICER TALHA AHMAD (SHIELD NO. 21358); NYPD OFFICER KEVIN AGRO (SHIELD NO. 8054); and NYPD OFFICERS JOHN and JANE DOES # 1- 40,

                        Defendants.

21-CV-533 (CM) (GWG)

---

**DECLARATION OF JONATHAN C. MOORE IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT, CERTIFICATION OF CLASS AND APPOINTMENT OF CLASS COUNSEL FOR SETTLEMENT PURPOSES, APPROVAL OF PROPOSED CLASS NOTICE AND ADMINISTRATION PROCESS, AND APPOINTMENT OF CLAIMS ADMINISTRATOR**

JONATHAN C. MOORE, an attorney duly admitted to practice law in the State of New York and in the above referenced matter in this Court, declares under penalty of perjury:

1. I am partner at Beldock Levine & Hoffman LLP, one of the firms representing Plaintiffs, and am fully familiar with the facts of this case. I submit this declaration and accompanying exhibits in support of Plaintiffs' motion for preliminary approval of proposed

class settlement, certification of class and appointment of class counsel for settlement purposes, approval of proposed class notice and administration process, and appointment of a claims administrator.

2. The settlement agreement by and between the parties is attached as Exhibit 1.

3. The *Sow* Plaintiffs' Counsel actively participated in coordinating discovery with the other consolidated protest cases before this Court under In Re: New York City Policing During Summer 2020 Demonstration, 20 Civ. 8924, and overseen by the Honorable Gabriel W. Gorenstein.

4. The *Sow* Plaintiffs' Counsel categorized and logged hundreds of thousands of documents, and thousands of hours of videos and audio recordings as part of the discovery.

5. The *Sow* Named Plaintiffs responded to Defendants' discovery requests and were all deposed in 2021, and *Sow* Plaintiffs' Counsel participated in numerous depositions of NYPD officers and defendants.

6. The *Sow* Plaintiffs' Counsel participated in discovery motion practice including filing numerous motions to compel discovery that were granted, responded to motions from Defendants and counsel for Intervenor Unions the PBA, DEA and SBA, and took depositions.

7. The *Sow* Plaintiffs actively participated in the negotiations of injunctive relief settlement until the settlement in principle of this Action.

8. The *Sow* Plaintiffs' Counsel were actively preparing for depositions of high-level NYPD officers until the settlement in principle of this Action.

9. The Court also scheduled motion practice on class certification which was being prepared by *Sow* Counsel until the parties reached a settlement agreement.

10. The *Sow* Plaintiffs' Counsel had digested hundreds of hours of video and many thousands of pages of documents produced by the City of New York.

11. The *Sow* Plaintiffs' Counsel prepared maps which correspond with the 18 protest locations that are part of this settlement and which locations are described in the chart of settlement locations set forth in Plaintiffs' Motion. They are attached as Exhibit 3.

12. Rust Consulting, Inc., the prospective claims administrator, will prepare a website for class members to submit claim forms.

13. A declaration from then-Senior Vice President of Rust Tiffaney Janowicz which was filed in *Stinson, et al. v. City of New York*, No. 10-CV-4228 (RWS) (S.D.N.Y) is attached as Exhibit 2.

### **Adequacy of Class Counsel**

14. Counsel for Plaintiffs and the putative class have worked together efficiently and cooperatively for more than two and a half years. Counsel includes Beldock Levine & Hoffman LLP, Cohen & Green PLLP, Gideon Orion Oliver, Esq., Wylie Stecklow PLLP, and Masai Lord.

15. Beldock Levine & Hoffman, LLC ("BLH") has been held to be adequate class counsel in several class action civil rights lawsuits. BLH was formed in 1964, and it currently has 21 attorneys and five support personnel. It is located at 99 Park Avenue on the Penthouse floor in Manhattan.

16. A sampling of the work of BLH includes, *Floyd, et al., v. The City of New York, et al.*, 283 F.R.D. 153 (S.D.N.Y. 2012); 813 F. Supp. 2d 417 (S.D.N.Y. 2011); and 2013 WL 5835441(2d Cir. Oct. 13, 2013); *In re Reassignments of Cases*, 736 F.3d 118 (2nd Cir. 2013) (Co-lead trial counsel in successful injunctive challenge to NYPD's stop and frisk practices); *Daniels et al., v. The City of New York, et. al.*, 194 F.R.D. 409 (S.D.N.Y. 2001); 75 F. Supp. 2d

154 (S.D.N.Y. 1999); 191 F.R.D. 52 (S.D.N.Y. 1999) (§ 1983 class action challenge to racial profiling by New York City Police Department with respect to the City's policy of stop-and-frisk without reasonable suspicion of minority youth in New York City; successfully argued class certification issues in Second Circuit; consent decree settling case with injunctive relief); *MacNamara, et al., v. City of New York, et al.*, No. 04 Civ. 9216 (KMK) (JCF) (Lead counsel in successful class action on behalf of all those wrongfully arrested and excessively detained during the Republican National Convention in New York City in August/September, 2004. Case settled for $6.6 million dollars.); *Burley, et al., v. City of New York, et al.*, No. 03-CV-735 (S.D.N.Y.) (WHP) (FM) (Certified class action on behalf of all those wrongfully arrested and excessively detained during the World Economic Forum demonstrations in New York City in February, 2002); *Mandal, et al. v. City of New York, et al.*, No. 02-CV-1234 (S.D.N.Y.) (WHP) (Lead counsel in 2006 liability verdict on First and Fourteenth Amendment challenge to NYPD's policy of denying individuals arrested at demonstrations consideration for release with a Desk Appearance Ticket or summons); *Burley et al. v. City of New York et al.*, No. 03-CV-735 (S.D.N.Y.) (WHP) (Lead counsel in settled First and Fourth Amendment challenges to excessive detention of class of demonstrators arrested for minor offenses during the 2002 World Economic Forum); *Haus et al. v. City of New York et al.*, No. 03-CV-4915 (S.D.N.Y.) (RWS) (MHD) (Lead counsel in class action alleging First and Fourth Amendment violations of class of demonstrators in connection with 2003 anti-war protest); *Syed v. City of New York*, No. 16-CV-4789 (S.D.N.Y.) (successful class action which led to the NYPD rescinding its "no beard" policy); *Augustin v. Jablonsky*, 819 F. Supp. 2d 153 (E.D.N.Y. 2011). There, the Court certified a class as to liability and entered summary judgment on liability in favor of the class and each of its members in relation to Nassau County Correctional Center of strip searching newly admitted

individuals arrested for misdemeanors. Other notable matters include *McCray et al., v. City of New York et al.*, No. 03-CV-9685 (S.D.N.Y.) (DB) (Section 1983 claim for malicious prosecution on behalf of five young men (three of whom BLH represented) whose convictions for the rape and attempted murder of the Central Park Jogger in 1989 were reversed); and the Estate of Eric Garner, who was killed in a chokehold and whose death led to international outrage and calls for change.

17. Among counsel to the *Sow* team is senior partner at BLH, Jonathan C. Moore who Judge Shira A. Scheindlin found that "[a]ided by the capable hands of Jonathan C. Moore . . . , class counsel is undoubtedly qualified and experienced to conduct this litigation." *Daniels v. City of New York*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001). He is a founding member, CLE lecturer and Advisory Board Member of the National Police Accountability Project (NPAP), as well as a founding editor of the Police Misconduct and Civil Rights Law Report (West Group). Some of his publications include, Moore, J., Goodman, W., Milton, D., *Mass Protest, Mass Arrest and Class Certification: The Struggle for the First and Fourth Amendments in the 21st Century*, Vol. 20 Civil Rights Litigation and Attorneys' Fees Annual Handbook (West Group, 2004); Moore, J., *Discovery Issues in Police Misconduct Litigation*, Vol. 17 Civil Rights Litigation and Attorneys' Fees Annual Handbook (West Group, 2001); Moore, J., *Discovery Issues in Police Misconduct Litigation*, Vol 6, No. 16, Police Misconduct and Civil Rights Law Report (West Group, July-August 2001); Moore, J., *Establishing Liability Under Monell: The Rule 803(8)(C) Alternative*, Vol. 7 Civil Rights Litigation and Attorneys' Fees Annual Handbook (Clark Boardman Callaghan, 1991).

18. Cohen & Green ("C&G") attorneys have litigated a number of class action and police suits, including, but not limited to: *Jones v. United States Postal Service*, No. 20-CV-6516

5

(S.D.N.Y.) (nationwide voting rights class action); *Edrei v. Bratton*, No. 16-CV-01652 (S.D.N.Y.), *aff'd sub. nom. Edrei v. Maguire*, 892 F.3d 525 (2d Cir. 2018) (landmark, precedential decision in challenge to NYPD's use of Long Range Acoustic Device ("LRAD") against BLM protesters), *cert. denied Maguire v. Edrei*, 139 S. Ct. 2614 (2019) (with Oliver); *Gallagher v. N.Y. State. Bd. of Elections*, No. 20-CV-5504 (S.D.N.Y.) (New York State voting rights class action); *see also Yang v. New York State Bd. of Elections*, No. 20-CV-3325 (S.D.N.Y.), *aff'd sub. nom. Yang v. Kosinski*, 960 F.3d 119 (2d Cir. 2020).

19. Gideon Orion Oliver has over 16 years of experience litigating civil rights cases against the NYPD, including hundreds of cases challenging the City's policies, practices, and customs related to protest policing. Oliver has frequently co-counseled with BLH attorneys and C&G attorneys in litigation. For example, in addition to litigating other 2004 RNC-related cases, Oliver was Of Counsel to BLH attorneys at the summary judgment briefing stage of the *MacNamara* RNC 2004 class action litigation. Ever since, Oliver has always maintained a docket including at least dozens of plaintiffs' protest-policing related cases. One such recent case was *Edrei* (with C&G).

20. Wylie M. Stecklow has extensive experience litigating civil rights both in New York and elsewhere including Baltimore, Maryland: *Lomax v. O'Ree*, NO. 24-C-16-2313 (Circuit Court, Baltimore City) and Iowa: *Cordero v. World Food Prize*, No. 17-CV-347 (S.D.Iowa). Stecklow has been litigating NYPD policies and practices for fifteen (15) years, including, but not limited to: *Alford v. City of New York*, No. 06-CV-2512 (S.D.N.Y.); *Peat v. City of New York*, 12-CV-8230 (S.D.N.Y.); *Gerskovich v. Iocco, City of New York*, No. 15-CV-7280 (S.D.N.Y.), *Packard v. City of New York*, No. 15-CV-7130 (S.D.N.Y.); *Nigro v. City of New York*, No. 19-CV-2369 (S.D.N.Y.). He is the former national chair of the Federal Bar

Association Civil Rights Section (2016–2018); has organized and been a moderator and/or panelist on numerous civil rights CLE panels including—since 2017—organizing the biennial Civil Rights Etouffee (1–2 day CLE) in New Orleans; published a scholarly article on Qualified Immunity by the New York State Bar Association (2020) and a chapter on QI in a text book on Constitutional Policing by American Bar Association (2023); is an adjunct professor of law at Fordham University School of Law since 2018; and was the 2021 Sarah T. Hughes Civil Rights Award Honoree presented by the Federal Bar Association.

Dated: July 19, 2023
      New York, New York

_____
Jonathan C. Moore