**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ADAMA SOW, DAVID JAKLEVIC, ALEXANDRA DE
MUCHA PINO, OSCAR RIOS, BARBARA ROSS,
MATTHEW BREDDER, SABRINA ZURKUHLEN,
MARIA SALAZAR, DARA PLUCHINO, and SAVITRI
DURKEE, on behalf of themselves and others similarly
situated,

Plaintiffs,

- against -                                    21-CV-533 (CM) (GWG)

CITY OF NEW YORK; MAYOR BILL DE BLASIO;
NEW YORK CITY POLICE DEPARTMENT
COMMISSIONER DERMOT SHEA; NEW YORK CITY
POLICE DEPARTMENT CHIEF OF DEPARTMENT
TERENCE MONAHAN; NYPD DETECTIVE EDWARD
CARRASCO (SHIELD NO. 1567); NYPD OFFICER
TALHA AHMAD (SHIELD NO. 21358); NYPD
OFFICER KEVIN AGRO (SHIELD NO. 8054); and
NYPD OFFICERS JOHN and JANE DOES # 1- 40,

Defendants.

---

## STIPULATION OF SETTLEMENT AND ORDER

This class action lawsuit settlement agreement is made and entered into as of the 19th day

of July, 2023, by and among Defendants City of New York, former Mayor Bill De Blasio, Edward

Carrasco, Talha Ahmad, and Kevin Agro (collectively, the "Defendants"); and Plaintiffs Adama

Sow, David Jaklevic, Alexandra De Mucha Pino, Oscar Rios, Barbara Ross, Matthew Bredder,

Sabrina Zurkuhlen, Maria Salazar, Dara Pluchino and Savriti Durkee, on behalf of themselves and

the putative class of which they are proposed Class Representatives (collectively, the "Plaintiffs")

(altogether, the "Parties").

1

**WHEREAS,** on January 21, 2021, Plaintiffs Adama Sow, David Jaklevic, Alexandra De Mucha Pino, Oscar Rios, Barbara Ross, Matthew Bredder, Sabrina Zurkuhlen, Maria Salazar, Dara Pluchino and Savriti Durkee commenced this action by filing a Complaint under 21 Civ. 00533, on behalf of themselves and all others similarly situated, alleging, pursuant to 42 U.S.C. § 1983, violations of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution; and

**WHEREAS**, on March 6, 2021, Plaintiffs filed an Amended Complaint ("this Civil Action"), on behalf of themselves and all others similarly situated, alleging violations of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and certain state law claims; and

**WHEREAS,** Defendants have denied any and all liability arising out of Plaintiffs' allegations; and

**WHEREAS,** the Parties now desire to resolve the issues raised in this litigation without further proceedings and without admitting any fault or liability; and

**WHEREAS,** the terms of this Stipulation of Settlement and Order ("Stipulation") were extensively and vigorously negotiated in good faith over several months; and

**WHEREAS,** the negotiations have resulted in this Stipulation, which, subject to the approval of the Court, settles this Civil Action in the manner and upon the terms set forth below; and

**WHEREAS**, the signatories hereby represent that they are fully authorized to enter into this Stipulation and to bind the Parties to the terms and conditions hereof, subject to Court approval.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and

between the undersigned, as follows:

## INTRODUCTION

1.      The terms of this Stipulation, as defined below, provide a substantial benefit to the Settlement Class.  The Parties consider this Settlement Agreement to be fair, reasonable, and adequate.

2.      Defendants deny any and all liability and deny that they had or have a policy, or engaged in or currently engage in a pattern or practice, that deprived persons of their rights, privileges, or immunities secured or protected by the Constitution and laws of the United States and the State of New York.

3.      This Stipulation does not, and shall not be deemed to, constitute an admission by Defendants as to the validity or accuracy of any of the allegations, assertions, or claims made by Plaintiffs.  This Stipulation does not constitute an admission, adjudication, or finding on the merits of this Civil Action.

## DEFINITIONS

The terms described below shall have the meanings defined in this Section wherever used in this Stipulation, and for the purposes of this Stipulation only.

4.      "Bar Date" is the date established by the Court by which any presumptive Class Member who wishes to receive payment pursuant to this Stipulation must submit a Claim Form.

5.      "City" means the City of New York.

6.      "Civil Action" means the above-captioned litigation before the Honorable Colleen McMahon in the United States District Court for the Southern District of New York.

7.      "Class Notice" means the long-form class notice to be mailed to potential class members.

8.      "Class Notice Summary" means the short-form class notice to be published as described herein at paragraph 37.

9.      "Claim Form" means the form that Class Members must complete and timely submit in order to receive payment under this Settlement.

10.     "Claim Package" means the Class Notice and Claim Form.

11.     "Claims Administrator" or "Administrator" means the person or organization designated by Class Counsel and appointed by the Court to administer the class and whose duties are defined below, in paragraphs 49 through 70.

12.     "Claims Award" means the amount to be paid to each class member who timely submits a claim form as defined in paragraph 40.

13.     "Class Counsel" means Cohen & Green PLLP, Gideon Orion Oliver, Esq., Wylie Stecklow PLLP, Masai Lord, and Beldock Levine & Hoffman LLP.

14.     "Class Fund" means the amount to be paid by the City to the Claims Administrator for payment of all timely and valid claims to Class Members.

15.     "Class Members" means individuals who satisfy the Class Definition in paragraph 32 and who does not file a valid and timely Request for Exclusion as provided in paragraph 33 of this Stipulation.

16.     "Class Representatives" mean David Jaklevic, Alexandra de Mucha Pino, Oscar Rios, Sabrina Zurkuhlen, Maria Salazar, Matthew Bredder, and Barbara Ross.

17.     "Class Settlement Fund Account" ("CSFA") means a bank account to be established by the Administrator for the benefit of the Settlement Class.

18.     "Counsel for Defendants" or "Defendants' Counsel" means the New York City Law Department, Office of the Corporation Counsel.

4

19.     "Court" means the United States District Court for the Southern District of New York.

20.     "Defendants" means the City of New York, former Mayor Bill De Blasio, Edward Carrasco, Talha Ahmad, and Kevin Agro.

21.     "Effective Date for Payment" is the date when the City's obligation to deposit the Class Fund becomes effective.

22.     "Final Approval Order" means an order entered by the Court, after a Fairness Hearing, granting final approval to this Stipulation of Settlement and Order, approving Class Counsel's fees and costs, approving Class Representative Service Award, and dismissing the Civil Action with prejudice, unless the Court orders otherwise.

23.     "Final Approval Date" means the date of entry by the Court of the Final Approval Order.

24.     "NYPD" means the New York City Police Department.

25.     "Opt-Out" is any Class Member who submits a timely request to be excluded from this Settlement as described in the Class Notice and Summary Class Notice and in paragraphs 71 through 75.

26.     "Parties" means Plaintiffs and Defendants as described herein at paragraphs 20 and 27.

27.     "Plaintiffs" mean Adama Sow, David Jaklevic, Alexandra De Mucha Pino, Oscar Rios, Barbara Ross, Matthew Bredder, Sabrina Zurkuhlen, Maria Salazar, Dara Pluchino and Savriti Durkee.

28.     "Preliminary Approval Date" means the date of entry of the Preliminary Approval Order by the Court.

29.     "Preliminary Approval Order" means the order entered by the Court preliminarily approving this Stipulation, scheduling a Fairness Hearing, appointing the Claims Administrator, appointing class counsel, and approving a plan of notice to the Class and claims administration.

30.     "Released Parties" means any and all defendants, namely the City of New York, former Mayor Bill De Blasio, Edward Carrasco, Talha Ahmad, and Kevin Agro, and any of their parents, subsidiaries, affiliates, predecessors, successors and/or assigns and in the case of all such entities, their respective past and present representatives, officers, directors, attorneys, agents, employees, privies and insurers.

31.     "Released Claims" means any and all claims for physical injury, emotional distress, loss of liberty, or excessive detention, and/or any other damages including, but not limited to, damages arising from claims of unlawful seizure/false arrest, excessive force, malicious prosecution, delayed or excessive detention, violation of the First Amendment, First Amendment retaliation, violation of due process, violation of equal protection and selective enforcement, municipal liability, illegal search under New York State Law, 42 U.S.C. § 1983, and any other applicable federal, state (including state law false arrest and false imprisonment, assault and battery, conversion, excessive detention, denial of medical attention, intentional or negligent infliction of emotional distress, negligent hiring, screening, retention, training, supervision, and discipline, and excessive detention), or local statutes, common law, or regulation that were or could have been asserted by the Class Representatives and/or any Class Member against the Released Parties based upon or arising out of the same transactions, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in this Civil Action. This Release does not include or cover any actions or omissions occurring after the Preliminary Approval Date.

# CLASS DEFINITION

32.     The "Settlement Class" means all persons who were arrested, and/or subjected to force by NYPD officers during the "George Floyd protests" at the following dates and locations and allege any of the Released Claims described herein at paragraph 31:

| Protest Date | Protest Location | Location Boundaries |
|---|---|---|
| May 28, 2020 | Lafayette to City Hall | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by Spring Street, Centre Street, Park Row, Nassau Street, Broad Street, Beaver Street, Broadway, Battery Place, and West Street. |
| May 28, 2020 | Union Square | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by West and East 20th Street, Second Avenue, East and West 11th Street, and Seventh Avenue. |
| May 29, 2020 | Barclays Center area | Arrests made at the protest within the area of Brooklyn in the surrounding vicinity bordered by Myrtle Avenue, Classon Avenue, Fulton Street, Washington Avenue, Prospect Place, Vanderbilt Avenue, Sterling Place, Seventh Avenue, Union Street, Nevins Street, Atlantic Avenue, Bond Street and Butler Street and within the area of Manhattan in the surrounding vicinity bordered by Canal Street, Mulberry Street, Park Row, and Broadway. |
| May 30, 2020 | East Flatbush/ Barclays Center area | Arrests made at the protest within the area of Brooklyn in the surrounding vicinity bordered by Myrtle Avenue, Washington Avenue, Prospect Place, Vanderbilt Avenue, Sterling Place, Seventh Avenue, Union Street, Nevins Street, Atlantic Avenue, Baltic Street and Bond Street and Third Avenue; Winthrop Street, East 34th Street, Beverly Road, Ocean Avenue, Parkside Avenue and Flatbush Avenue; Fulton Street, Cadman Plaza West, Sands Street, and Flatbush Avenue Extension. |
| May 30, 2020 | Harlem/ West Side Highway | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by West 110th Street, the West Side Highway, West End Avenue, 11th |

| | | |
|---|---|---|
| | | Avenue, and West 42nd Street. |
| May 30, 2020 | Union Square to FDR Drive | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by East and West 17th Street, First Avenue, East 4th Street ~~and~~ Greenwich Street and Eighth Avenue; and the FDR Drive and contiguous streets between Pike Slip and East 116th Street. |
| May 30, 2020 | City Hall to over the Brooklyn Bridge | Arrests made at the protest within the area of Brooklyn in the surrounding vicinity bordered by Sands Street, Flatbush Avenue Extension, Fulton Street, and Cadman Plaza West; the Brooklyn Bridge and York Street; and within the area of Manhattan in the surrounding vicinity bordered by Park Row, Broadway, Reade Street, Centre Street, Pearl Street and Ann Street. |
| May 31, 2020 | Union Square | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by West and East 18th Street, Third Avenue, East and West Eighth Street, Greenwich Avenue, and Seventh Avenue. |
| June 1, 2020 | Barclays Center area | Arrests made at the protest within the area of Brooklyn in the surrounding vicinity bordered by Myrtle Avenue, Washington Avenue, Park Place, Vanderbilt Avenue, Sterling Place, Seventh Avenue, Union Street, Third Avenue, Atlantic Avenue, Bond Street, Fulton Street, Cadman Plaza West, Sands Street, and Gold Street; the Brooklyn Bridge; and within the area of Manhattan in the surrounding vicinity bordered by Park Row, Barclay Street, Hudson Street, Eighth Avenue, West 23rd Street, Tenth Avenue, West 35th Street, Ninth Avenue, West 59th Street, Sixth Avenue, Canal Street, and Mulberry Street. |
| June 1, 2020 | Midtown Manhattan | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by East 66th Street, Second Avenue, East and West 23rd Street, Sixth Avenue, Central Park South, and Fifth Avenue. |
| June 2, 2020 | Foley Square to Central Park | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by Bleecker Street, East 2nd Street, First Avenue, Allen Street, East Broadway, Park Row, Pearl Street, Lafayette Street, White Street, and Sixth Avenue; and Central Park North, Fifth Avenue, East 97th Street, Park Avenue, East 67th Street, Third Avenue, East 23rd Street, East |

| | | |
|---|---|---|
| | | 26th Street, Madison Avenue, East and West 35th Street, Ninth Avenue, West 59th Street, and Central Park West. |
| June 2, 2020 | Union Square and Astor Place | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by West and East 23rd Street, Second Avenue, East 3rd Street, Mercer Street, West 8th Street, University Place, East and West 11th Street, and Sixth Avenue. |
| June 2, 2020 | Near and on West Side Highway | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by Chambers Street, Greenwich Street, Battery Place and West Street. |
| June 2, 2020 | Chelsea | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by West 34th Street, Fifth Avenue, West 23rd Street, Seventh Avenue, West 14th Street, and Tenth Avenue. |
| June 3, 2020 | Cadman Plaza | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by Prospect Street / Cadman Plaza North, Cadman Plaza East, Red Cross Place, Brooklyn Bridge Boulevard, Tillary Street, Jay Street, Willoughby Street, Lawrence Street, Gallatin Place, Livingston Street, Clinton Street, Pierrepont Street, and Henry Street. |
| June 3, 2020 | Upper East Side | Arrests made at the protest within the area of Manhattan in the surrounding vicinity bordered by East 80th Street, First Avenue, East 49th Street, Sixth Avenue, West 58th Street, Seventh Avenue, Central Park South, and Fifth Avenue. |
| June 4, 2020 | McCarren Park | Arrests made at the protest within the area of Brooklyn in the surrounding vicinity bordered by Nassau Avenue, Lorimer Street, Driggs Ave, Manhattan Ave, Leonard Street, Richardson Street, Lorimer Street, Withers Street, Havemeyer Street, Metropolitan Avenue, Marcy Avenue, Broadway, Middleton Street, Wallabout Street, Kent Avenue, Williamsburg Street East, Bedford Avenue, Broadway, Kent Avenue, River |

| | | Street, Grand Street, and Berry Street. |
|---|---|---|
| June 4, 2020 | Clinton Hill | Arrests made at the protest within the area of Brooklyn in the surrounding vicinity bordered by Flushing Avenue, Classon Avenue, Atlantic Avenue, 4th Ave, Pacific Street, Nevins Street, Flatbush Ave, Fort Greene Place, Dekalb Avenue, Washington Park, Myrtle Avenue, and Carlton Avenue. |

33.     Excluded from the Class are:

(a)     individuals who have settled claims with New York City Comptroller's Office arising out of the events at the 18 protest locations in the chart at paragraph 32;

(b)     individuals who brought lawsuits against the City and/or individual members of NYPD arising out of the events at the 18 protest locations in the chart at paragraph 32, and whose claims were settled, dismissed or otherwise disposed; and

(c)     all persons charged with trespassing (New York State Penal Law("NYS P.L.") § 140), destruction of public property (NYS P.L. § 145), assaulting an officer (NYS P.L. § 120.08), criminal possession of a weapon (NYS P.L. § 265), arson (NYS P.L. § 150), or burglary (NYS P.L. § 140) where the person was arrested at the location of the alleged burglary; and

(d)     if there is video or other objective evidence of them clearly demonstrating that a class member, through physical conduct, intentionally obstructed, impaired, or prevented a Member of Service's ability to lawfully arrest, or attempt to lawfully arrest, another individual.

## CLASS CERTIFICATION

34.     The Parties agree to the certification of a class pursuant to Rule 23(c) and Rule 23(e) of the Federal Rules of Civil Procedure.

35.     Class Counsel will submit a motion to the Court, on consent of Defendants, seeking certification of the Class at the time Class Counsel seeks preliminary approval.

## PROPOSED NOTICE PLAN

36.     Direct Mailing: Notice of this Civil Action shall be provided to Class Members by mailing the Claim Package to all individuals known to the parties who satisfy the Class Definition. The address used for the initial mailing shall be each Class Member's last known address.

37.     Publication Notice: The Parties shall cause to be published a Class Notice Summary.  Such Notice shall be published *in The Daily News, the Amsterdam News, and El Diario* in English and in Spanish, three times within the same three-week period, or as otherwise ordered by the Court.  The City will bear the cost of this publication.

38.     Website: As described below, the Claims Administrator will establish a website containing information about this lawsuit and settlement, and where anyone can view this Settlement Stipulation and Order, and the Class Notice.  At this website, a Class Member may also obtain a Claim Form and submit a Claim Form.

39.     At least one week before the Fairness Hearing, Class Counsel shall file with the Court a declaration confirming that Notice was provided consistent with the Stipulation and any Preliminary Approval Order entered by the Court.

## CLAIMS AWARDS TO CLASS MEMBERS

40.     Subject to the terms and conditions of this Stipulation of Settlement and Order, and the Class Definition at paragraph 32, the City agrees to pay $9,950.00 (Nine Thousand Nine Hundred and Fifty Dollars) to each Class Member. These Class Members must have timely submitted a Claim Form and be eligible for payment under the Class Definition as set forth in paragraph 32 and not excluded from the Class as set forth in paragraph 33.  Approximately 1,380 individuals meet the Class Definition as set forth in paragraph 32.

## PLAINTIFFS' SERVICE AWARDS & SETTLEMENT PAYMENTS

41.     Subject to the Court's approval, the City agrees to pay awards for the services provided to the class by Class Representatives David Jaklevic, Alexandra de Mucha Pino, Oscar Rios, Sabrina Zurkuhlen and Maria Salazar, including engaging in discovery and being deposed, in the sum of nine thousand nine hundred and fifty dollars ($9,950.00).  In light of the unique facts and circumstances of her claims, the City agrees to pay to Barbara Ross a service award in the sum of twenty thousand and fifty dollars ($20,050.00).  These service awards shall be in addition to any amounts otherwise due to these Plaintiffs with respect to their individual claim as Class Members.

42.     Subject to the Court's approval, the City agrees to pay Plaintiffs Adama Sow, Dara Pluchino and Savitri Durkee the sum of twenty-one thousand and five hundred dollars ($21,500.00) each, in full satisfaction and settlement of all claims in this Civil Action and Plaintiffs shall execute General Releases pursuant to paragraph 87.  In consideration for the settlement herein, Plaintiffs will not submit a claim form or in any way participate in the class action settlement under *Samira Sierra, et al. v. City of New York, et al.*, Nos. 20-CV-10291, 20-CV-10541 (CM) (GWG).

43.     Subject to the Court's approval, the City agrees to pay Plaintiff Matthew Bredder the sum of forty-one thousand and four hundred dollars ($41,400.00), in full satisfaction and settlement of all claims in this Civil Action and Plaintiff shall execute a General Release pursuant to paragraph 87.  This amount includes an award for services provided to the class by Plaintiff.  In consideration for this amount, Plaintiff will not submit a claim form as a class member in this Civil Action; nor will Plaintiff submit a claim form or in any way participate in the settlement under *Samira Sierra, et al. v. City of New York, et al.*, 20-CV-10291, 20 Civ. 10541 (CM) (GWG); and

Plaintiff will voluntarily dismiss, with prejudice, the action under *Matthew Bredder v. City of New York*, 22 Civ. 04293 (VSB) without attorney's fees, costs or disbursements to any party.

44.    Within 90 days of the Final Approval Order, the City will pay the Plaintiffs' Service Awards and/or settlement amounts, as set forth in paragraph 41 through 43. Plaintiffs shall execute and deliver to the Defendants' Counsel all documents necessary to effect such payments to them, including, without limitation, General Releases, Affidavit of Status of Liens, and W-9s. Prior to tendering the requisite documents, Medicare-recipient plaintiffs must obtain and submit a final demand letter from their Medicare provider(s) for the reimbursement of any conditional payments made for the injuries claimed in this matter. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26. Plaintiffs agree to hold harmless Defendants regarding any past and/or future Medicare claims, presently known or unknown, in connection with this matter. If Medicare claims are not satisfied, Defendant City reserves the right to issue a multiparty settlement check naming the Medicare provider as a payee or to issue a check directly to the Medicare provider for the amount claimed in the Medicare provider's final demand letter.

## FUNDING OF THE SETTLEMENT

45.    No later than fifteen (15) days after the Preliminary Approval Order, the City shall pay the Claims Administrator the costs necessary to fulfill the Proposed Notice Plan described in paragraphs 36 to 39 and any other notice requirements established by the Court in the Preliminary Approval Order. The initial payment shall be fifty percent (50%) of the total amount estimated to fulfil the Claims Administrator's duties to the Class, plus the reasonable cost for publishing the Class Notice Summary. Thereafter, the City will make payments for the work performed based on monthly Statements provided by the Claims Administrator as set forth here in paragraphs 50,

58 and 60. In no event will the City pay administrative costs in excess of Forty-Eight Thousand, Five Hundred and Thirty Five Dollars ($48,535.00), plus the reasonable cost for publishing the Class Notice Summary. If the Settlement is not ultimately approved by the Court, then all such funds paid to the Claims Administrator, to the extent they are available after payment of all accrued class administration expenses, shall be returned to the City.

46. Within forty-five (45) days of the Final Approval Date, the City shall deposit or cause to be deposited into a bank account designated by the Claims Administrator, the Class Fund of Thirteen Million, Seven Hundred and Thirty One Thousand Dollars ($13,731,000.00).

47. No payment shall be made to eligible Class Members before the Effective Date for Payment. Claims will be processed between the date of Preliminary Approval and the Effective Date for Payment.

48. There will be one distribution of payments to the class members. Any funds remaining of the $13,731,000.00 in the Class Fund after award payments to eligible Class Members will revert to the City of New York one year after the Effective Date for Payment. In the event the number of claims to be paid exceed $13,731,000.00, the amounts set forth in paragraph 40 will be reduced on a *pro rata* basis.

## CLAIMS ADMINISTRATOR

49. The Parties agree that the Court should appoint Rust Consulting, Inc., as the Claims Administrator. Rust Consulting, Inc., has provided the Parties with a proposal setting forth the estimated administrative costs of fulfilling the responsibilities set forth herein. The City agrees to pay the administrative costs set forth in paragraph 45 herein.

50. The Claims Administrator shall (1) transmit the Claim Package, in both English and Spanish, to Class Members by means listed in this Stipulation unless otherwise directed by the

Court; (2) establish a website where information about the Settlement will be available; (3) publish the summary Class Notice as set forth in this Stipulation, unless otherwise directed by the Court; (4) respond to questions from Class Members; (5) review and assess the validity of information in the Claims Forms submitted by Class Members; (6) calculate the amounts of payments to the individual Class Members consistent with this Stipulation; (7) arrange for and distribute payments to Class Members as set forth in this Stipulation; (8) arrange for reversion back to the City of any remaining amounts from the Class Fund and any remaining bank account interest; (9) create a database of Class Members who submitted timely and valid Claim Forms; (10) create a database of Opt Outs; (11) deduct any applicable liens from the Claim Awards and forward these deductions to the New York City Comptroller or any other appropriate agencies as set forth in this Stipulation; and (12) perform any other duties necessary to fulfill the foregoing responsibilities and any other responsibilities set forth in this Stipulation.

51.    The Parties agree to facilitate the work of the Administrator by, among other things, obtaining and providing to the Administrator information and data which are relevant and appropriate to facilitate the administration of this Stipulation, to the extent such information is disclosable to the Administrator under federal, state and/or local laws.

52.    Within 15 days of the Preliminary Approval Order, the Parties will provide the Administrator with a spreadsheet containing the names of Class Members and other relevant information known to the Parties that is relevant to facilitate administration of this Stipulation. The City's obligation regarding the information listed in this paragraph only extends to the extent eligible Class Member provided accurate and complete information to NYPD at the times relevant to this action.

53.     Information provided to Class Counsel and the Claims Administrator and as part of the claims administration process described in this Stipulation shall be confidential and may not be disclosed to anyone except Class Counsel, Defendants' Counsel, certain City agencies (including NYPD, Human Resources Administration ("HRA"), New York City Department of Finance ("DOF") and the City Comptroller's Office), the Claims Administrator, or if necessary, the Court under seal. Class Counsel and the Claims Administrator shall not disclose confidential information to any person not a member of their staff and only when necessary to facilitate the terms and conditions of this Stipulation.

54.     To facilitate the release of personal identifying information of the Class Members within the parties' possession and not disclosable to the Administrator under federal, state and/or local laws, the Parties will submit to the Court a proposed confidentiality order related to the release of the information to the Claims Administrator, HRA, DOF, the City Comptroller's Office, and any other relevant City agencies. To the extent Class Counsel or the Administrator seeks to disclose this information to any other person or entity, they must first seek Defendants' Counsel's consent in writing. In addition, after consent is given, but before disclosing the confidential information to anyone else, including, any agent, contractor, or expert, the Administrator or Class Counsel shall first have such person or organization read and sign the confidentiality order attached thereto as Exhibit A. A signed copy of that Exhibit A to the confidentiality order shall be provided to Defendants' Counsel by expedited transmission immediately but no later than two business days after execution. Class Counsel and the Administrator shall take all reasonable steps to ensure that the confidential information concerning all proposed Class Members and eligible Class Members remain private and confidential. In addition, the information provided to Class Counsel and Claims

Administrator regarding the proposed Class Members and eligible Class Members will not be used for any other purpose other than in this Civil Action and for the administration of this Stipulation.

55.     The Administrator will apply for a tax ID number, if necessary, and will take all necessary steps for the timely creation of a bank account to administer this Settlement. The Administrator shall provide to the City the tax ID number, a completed W-9 Form, and the routing and account information for the bank account to deposit the Class Fund, within twenty-one (21) days of the Final Approval.

56.     The Administrator will treat income taxes as the first priority for payment, and therefore, shall, on a quarterly basis, set aside an amount sufficient to pay all income taxes, if any, owed by the bank account on interest earned to date. The Administrator shall pay all income taxes, if any, on a quarterly basis. The City Comptroller's Office and Class Counsel shall have the right to inspect and copy all tax forms (and worksheets), and monthly bank statements of the Class Fund bank account. The City will not be responsible for taxes, penalties, or interest incurred on the Class Fund. The Administrator shall issue all required IRS forms.

57.     Within forty-five (45) days of the Preliminary Approval Date, the Administrator shall mail a copy of the Claim Package by first class mail, postage prepaid, to all Class Members for whom a valid address is available.

58.     For any Claim Package that is returned with a forwarding address, the Claims Administrator will re-mail the Claim Package to the forwarding address within twenty-one (21) days of receiving the returned envelope. In the event that a Claim Package is returned because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender", the Claims Administrator shall perform a standard skip trace in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained,

the Claims Administrator will re-send the Claim Package within thirty (30) days of receiving the newly ascertained address; if no updated address is obtained for that Class Member, the Claim Package shall be sent again to the Class Member's last known address. Should the Claims Administrator be unable to locate a Class Member after a standard skip trace search, the Claims Administrator will provide that information to the parties and the Class Counsel will engage in reasonable efforts to locate that individual or individuals. Class Counsel will bill the costs of such work at $50.00 an hour and will not bill for more than forty (40) hours.

59.     The Claims Administrator will submit monthly statements to Class Counsel and the City identifying the administrative costs incurred. A copy of the Claims Administrator's final accounting shall also be provided to the City and the Court in connection with the motion for final approval.

60.     The Claims Administrator shall provide to Defendants' Counsel and Class Counsel, at least fourteen (14) days prior to the Final Fairness Hearing, a list of Class Members for whom Claim Packages were returned as undeliverable and for whom efforts to obtain an alternative address failed. Class Counsel shall deliver to Defendants' Counsel their list of Class Members for whom Claim Packages were returned as undeliverable and for whom efforts to obtain an alternative address failed.

61.     To be eligible for payment of a Claim Award, Class Members must timely submit a completed and signed Claim Form to the Administrator by the Bar Date, unless such date is extended by order of the Court. The Administrator shall reject Claim Forms that are untimely. A Claim Form is deemed submitted upon deposit in a prepaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the U.S. Post Office, when submitted for delivery by a commercial express carrier, when submitted to the Administrator

through the Settlement website, or when actually received by the Administrator, whichever date is earlier.

62.     Any eligible Class Member who fails to submit a Claim Form by the Bar Date, or any court-mandated extension thereto, shall be forever barred from receiving payment pursuant to this Stipulation.  Such persons shall be bound by all of the terms of this Stipulation, and the judgment entered herein, including but not limited to the release of all Released Claims as defined herein at paragraph 31.

63.     Claims Award will be reduced as a result of outstanding New York child support liens.  Award amounts may also be reduced as a result of unpaid City taxes including personal income tax, real estate related taxes, unpaid parking tickets, tax warrant judgments, unpaid Environmental Control Board fines, and OATH ECB judgments,; or any medicaid costs correctly paid against bills from the New York City Health and Hospitals Corporation. No benefits currently received by Claim Member may be terminated as a result of payment of a Claim Award unless required by federal or state law regulations. This does not constitute a waiver of any right to separately recoup overpayments or any amounts owed solely to federal or state governments if such is required by federal or state law or regulation.

64.     Every thirty (30) days after the Claim Packages are sent, the Administrator shall provide the Parties with a list of Claims Forms received to date.

65.     If the City identifies any Claims Form(s) that it believes should be rejected, the City shall provide Class Counsel written notice thereof and the reasons therefore. The Parties shall confer within fifteen (15) days after the City provides such notice to Class Counsel. If the Parties cannot reach agreement after conferral on whether the disputed Claims Form(s) should be accepted

or rejected, the Parties may submit any such disputes to the Court for determination at the time the motion for Final Approval is filed.

66.     The City may, on a rolling basis, determine whether any Claims Awards will need to be reduced as a result of New York child support liens.  Within 70 (seventy) days of receiving the final list of Claims Forms received, the City shall provide the Administrator with a list of those Class Members who have New York child support liens and the amount that shall be deducted from each such Class Members' Claim Award by the Administrator to be forwarded to the beneficiary of the child support lien by the City Comptroller's Office.  Prior to providing this list, the City shall send each Class Member owing child support liens a notice describing that they owe these liens and information on how to file a challenge regarding the deduction of the child support liens from the Claim Award. If the City later determines that the amount of the lien was incorrect, the City shall directly pay that person the over-deduction of the amount that was withheld from that person's Claim Award.  The Administrator shall follow a similar procedure to the extent  liens are assessed by the Department of Finance, or other applicable liens are assessed by the New York City Comptroller's Office or another agency.

67.     The Administrator shall mail letters and/or otherwise contact Class Members who by the Bar Date submit partially completed Claim Forms that are deficient to provide such Class Members twenty-one (21) additional days to validate their Claim Forms. The absence of a social security number shall not be a basis for withholding payment of a Claim Award to an otherwise eligible Class Member if the Administrator can otherwise confirm the identity of that individual through sufficient and appropriate identification documentation.

68.     Rights and claims hereunder shall survive the death of Class Members. If a Class Member who is eligible to receive monetary relief under this Stipulation is deceased, the amount

payable to such deceased eligible Class Member shall be paid to the appropriate representative of his/her estate. The representative of the estate shall provide proof of death and appropriate documentation to show that she/he is properly a representative of the estate. If the Administrator determines, after reasonable opportunity has been given, and in consultation with the Parties, that there is insufficient information or proof regarding the deceased person's estate to permit such payment, the deceased person's Claim Award shall be distributed in accordance with the terms set forth in paragraphs 40, 41, 48, and 63.

69.     To the extent that the Administrator and/or Class Counsel receive inquires that they cannot resolve, the Administrator and/or Class Counsel shall group such inquires and submit them in writing to a designated person at the Office of Corporation Counsel on a recurring basis, but not more often than a weekly basis. Results of the investigations of such inquires will be provided in writing.

70.     The Administrator has the discretion to void checks mailed to eligible Class Members that are not cashed within one-hundred and twenty (120) days of issuance. Notice of this procedure will be provided at the time the checks are issued. Class Counsel, on written notice to the City and the Court, shall have the discretion to: (a) reissue the checks, (b) issue checks to eligible Class Members who has a different legal name but the same personal identifying information if sufficient proof is provided, (c) add the amount of the voided checks back to the Class Fund; or (d) issue checks to persons who make late claims for good cause shown and with the approval of Defendants' Counsel. If permission is granted to make late claims for good cause shown, any amount due and owing attributable to New York child support liens or other liens shall be deducted and forwarded to the City prior to any payment to an eligible Class Member who submitted a late claim.

## EXCLUSION FROM THE SETTLEMENT

71.     Any Class Member who wishes to be excluded from the Settlement must by the Bar Date:

>       (a)     submit to the Claims Administrator a written request to opt out of the settlement as described in the Class Notice, or

>       (b)     have a separate lawsuit pending before the Preliminary Approval Date and not file a Claim Form.

72.     Any Class Member who has a separate lawsuit pending before the Preliminary Approval Date and who files a Claim Form will be bound by this Stipulation and the releases described below in paragraph 78.

73.     Any Class Member who has affirmatively opted out of the settlement cannot at a later date submit a Claim Form for payment under this Settlement.

74.     Originals of all opt out requests shall be retained by the Administrator until such originals are filed with the Court.

75.     Named Plaintiffs will not request exclusion from this Settlement.

76.     A list of all opt outs, as well as copies of the opt out requests sent to the Administrator, shall be provided to Class Counsel and Defendants' Counsel.

77.     Any Class Member who is not excluded from the Settlement shall conclusively be deemed to be bound by this Stipulation and by all subsequent proceedings, orders, and judgments herein.

## RELEASES

78.     Upon the Effective Date for Payment, in consideration for the agreements between the Parties and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, all claims in this Civil Action will be dismissed, with prejudice, and without costs, expenses, or fees in excess of the amounts  authorized by paragraphs 45–48 above and the

Court.  In addition, all Class Representatives and Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns shall hereby release, remise and forever discharge any and all of the defendants as well as their past or present affiliates, subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, insurers and any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal representatives, heirs, successors in interest or assigns of the Defendants, from each and every Released Claim, and shall forever be barred and enjoined from initiating, continuing, filing or otherwise prosecuting any Released Claim against any of the Released Parties. Unless a Class Member opts out of the Settlement pursuant to paragraphs 71 through 75 this release shall apply whether or not such Class Member has executed and delivered a Claim Form or otherwise actively participated in the Settlement.

79.     Every Class Member, except for those who opt out of the Settlement pursuant to paragraph 71 through 75, shall be deemed to and shall have knowingly and voluntarily waived, released, discharged and dismissed the Released Claims, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to them. No Class Member who is excluded or opt out shall share in any monetary benefits provided by this Stipulation.

80.     The Parties and Class Members acknowledge that the covenants and promises made by the City and Defendants herein constitute adequate consideration in exchange for the Released Claims.

81.     Nothing in this Stipulation shall be construed to bar any claims of Class Representatives or Class Members based on or arising out of events occurring after the date of the Final Approval Order.

82.     The Parties hereby agree not to appeal any aspect of this Stipulation, or to otherwise collaterally attack or challenge this Stipulation, except any award of attorneys' fees.

## ATTORNEYS' FEES AND COSTS

83.     The City will pay Class Counsel reasonable attorneys' fees and costs.  The parties will negotiate the amount for that payment, and Class Counsel will make an application seeking Court approval for the final amount as agreed to by the parties or on Class Counsel's motion if agreement cannot be reached. Defendants reserve the right to respond to any motion by Class Counsel for attorney's fees, and all parties reserve the right to appeal any court decision awarding such fees and costs.

84.     Within 90 days after a Court order concerning attorneys' fees and costs, or any appeal thereof, the City will pay Class Counsel the amount awarded as attorneys' fees. Class Counsel shall execute and deliver to Defendants' Counsel all documents necessary to effect such payments to them, including, without limitation, General Releases and W-9s.

## DISMISSAL OF CLAIMS AGAINST DEFENDANTS

85.     Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, any and all of the claims and rights of action arising out of the facts and circumstances that are the subject of this Civil Action, and that were asserted or could have been asserted by or on behalf of Plaintiffs against Defendants City of New York, former Mayor Bill De Blasio, Edward Carrasco, Talha Ahmad, and Kevin Agro; their successors and assigns, and any present or former employees and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel,

are hereby dismissed and discontinued and withdrawn, with prejudice, and without attorney's fees, costs or disbursements to any party in excess of the amount authorized by the Court or agreed upon by the Parties as stated in this Stipulation.

86.     Pursuant to Rule 41(a)(1)(A)(ii), any and all injunctive/declaratory relief claims arising out of the events alleged in the Complaint and Amended Complaint in this Civil Action, and that were asserted or could have been asserted by or on behalf of Plaintiffs against Defendants City of New York, former Mayor Bill De Blasio, Edward Carrasco, Talha Ahmad, and Kevin Agro; their successors and assigns, and any present or former employees and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel, are hereby dismissed and discontinued, with prejudice, and without additional attorney's fees, costs or disbursements to any party.

87.     In consideration for the payment set forth in paragraphs 41 through 43, to Plaintiffs Adama Sow, Dara Pluchino, Savitri Durkee and Matthew Bredder, Plaintiffs agrees to dismissal of all the claims, with prejudice, against the defendants and to release Defendants City of New York, former Mayor Bill De Blasio, Edward Carrasco, Talha Ahmad, and Kevin Agro; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release and without additional attorney's fees, costs or disbursements to any party.

88.     In consideration for the payment set forth in paragraph 43, pursuant to Rule 41(a)(1)(A)(ii), Plaintiff Matthew Bredder will voluntarily dismiss, with prejudice, the action

under *Matthew Bredder v. City of New York*, 22 Civ. 04293 (VSB), without attorney's fees, costs or disbursements to any party.

89.　　As part of the settlement stipulation, any other locations from the *Sow* Complaint and Amended Complaint that was not identified in the 18 locations listed in paragraph 32, will be withdrawn and dismissed with prejudice.

## MUTUAL FULL COOPERATION

90.　　The Parties agree that they will fully cooperate with each other to effectuate and implement all terms and conditions of this Stipulation and exercise good faith efforts to accomplish the terms and conditions of this Stipulation.

## EFFECT OF THE STIPULATION ON THE PENDING CIVIL ACTION AND CONTINUING JURISDICTION

91.　　The Court, and any appellate court from which appeals of the Court's decisions may properly be brought, shall retain jurisdiction for the implementation and enforcement of the terms of this Stipulation, and the Parties hereto and their counsel shall submit to the exclusive jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

92.　　Plaintiffs will take all necessary and appropriate steps to obtain approval of this Stipulation and dismissal of this Civil Action with prejudice. If the Court approves this Stipulation, and if there is an appeal from such decision by a third party, Defendants will join Plaintiffs in defense of the Stipulation.

93.　　On the Final Approval Date, or a later date as determined by the Court, the Court will dismiss the above-captioned action, with prejudice and without costs, expenses, or fees in excess of the amount authorized by the Court or agreed upon by the Parties.

94.     The terms of this Stipulation shall be a full, final, and complete resolution of this Civil Action.

## MODIFICATION OF THE STIPULATION AND ORDER

95.     This Stipulation represents the entire agreement among the Parties, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein, or to determine the meaning of any provisions herein.   This Stipulation can be modified only on the written consent of all counsel for the Parties.

## COUNTERPARTS

96.     This Stipulation may be executed in one or more counterparts, each of which shall be an original and all of which together shall constitute one and the same instrument, and will be binding when it has been executed and delivered by the last signatory. A facsimile or scanned signature is an original signature for purposes of this Stipulation.

## GOVERNING LAW

97.     This Stipulation shall be governed by and construed and interpreted according to the laws of the State of New York without reference to conflicts of law principles.

## MUTUAL INTERPRETATION

98.     The Parties stipulate that this Stipulation was negotiated at arm's length between parties of equal bargaining power, to resolve a bona fide dispute between the Parties concerning liability and the availability of equitable relief and damages. Also, Class Counsel and Defendants' Counsel jointly drafted this Stipulation.   Accordingly, this Stipulation shall not be construed in favor of or against any of the Parties.   Neither Party shall be considered the drafter of this

Stipulation for purposes of interpreting the Stipulation, or the application of any rule of construction.

99.　　Any dispute regarding interpretation of this Stipulation, including but not limited to any Class Member's eligibility for a Claims Award, may be submitted to the Court for determination, consistent with the parties' agreement on issues to present to the Court.

## BINDING UPON SUCCESSORS

100.　　This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective personal representatives, administrators, heirs, successors, and assigns.

## NULLIFICATION

101.　　This Stipulation is null and void in the event that any of the following do not occur:

(a)　Preliminary Approval of this Stipulation by the Court; or

(b)　Final Approval by the Court.

[THE REST OF THIS PAGE LEFT BLANK INTENTIONALLY]

Dated: July 19, 2023
New York, New York

**BELDOCK LEVINE & HOFFMAN LLP**

By:

Jonathan C. Moore
David B. Rankin
Luna Droubi
Marc Arena
Deema Azizi
Katherine "Q" Adams
Regina Powers
Keegan Stephan

99 Park Avenue, PH/26th Floor
New York, NY 10016
 t: 212-490-0400
 f: 212-277-5880
 e: jmoore@blhny.com
  drankin@blhny.com
  ldroubi@blhny.com
  marena@blhny.com
  dazizi@blhny.com
  qadams@blhny.com
  rpowers@blhny.com
  kstephan@blhny.com

**WYLIE STECKLOW PLLC**

By: Wylie Stecklow
Wylie Stecklow PLLC
Carnegie Hall Tower
152 W. 57th Street, 8th FLoor
NY NY10019
(t) 212 566 8000 x3
(f) 212 202 4952
Ecf@wylielaw.com

**GIDEON ORION OLIVER**

277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**COHEN&GREEN P.L.L.C.**

By:

Elena L. Cohen
J. Remy Green
Jessica Massimi

1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
 t: (929) 888-9480
 f: (929) 888-9457
 e: elena@femmelaw.com
  remy@femmelaw.com
  jessica@femmelaw.com

**LORD LAW GROUP PLLC**

Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10005
P: 718-701-1002
E: lord@nycivilrights.nyc

***ATTORNEYS FOR DEFENDANTS***
HON. SYLVIA O. HINES-RADIX
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007


By:  ___*Jenny Weng*_____

Jenny Weng
Omar Siddiqi
Genevieve Nelson


**SO ORDERED**


_____
HON. COLLEEN MCMAHON

Dated: _____