

Case 1:21-cv-00533-CM   Document 187   Filed 12/07/23   Page 1 of 2

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Jenny Weng
Senior Counsel
jweng@law.nyc.gov
Phone: (212) 356-2648

December 7, 2023

**BY ECF**
Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

In Re: *Sow, et al. v. City of New York, et al.*,
No. 21 Civ. 00533 (CM)(GWG)

Your Honor:

> 12/10/2023
> I disagree that the bar date should be extended until 2 days before the Fairness Hearing on February 22. I will extend the Bar date for 30 days — until January 22 — no longer.

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter. Defendants write in opposition to *Sow* plaintiffs' motion to extend the December 22, 2023 Bar Date for 60 days until February 20, 2024, and to modify all subsequent dates in accordance with their requested extension. *See* ECF No. 185.

*Sow* plaintiffs' motion should be denied as we don't believe additional time is needed as the *Grinnell* factors have already been satisfied.[1] By their own admission, the return rate to date is well above the average at over 51%. As *Sow* plaintiffs acknowledged in their application, this return rate is a significantly large return rate for class actions. *See, e.g., Hernandez v. Immortal rise, Inc.*, 306 F.R.D. 91, 100 (E.D.N.Y. 2015) (noting that a 20% participation rate is "well above average in class action settlements).

---

[1] *Sow* plaintiffs' preliminary approval motion analyzed the *Grinnell* factors as applied to this settlement. The reasons provided anticipated that those factors would weigh in favor of approving the class settlement. *See* ECF No. 166 (Plaintiffs' Memorandum of Law in Support of Motion for Preliminary Approval) at 10-15. Particularly, with respect to the reaction of the class to the settlement, with little to no objections or opt-outs and at an already high return rate to date, that expectation has been met.

While, of course, with more time additional class members may submit claim forms, Notices to the Class, which included claims packets to known class members and three publications, clearly announced when the class period would end for individuals to put in their claims, with a Bar Date of December 22, 2023, and the Fairness Hearing Date of February 22, 2024 where class members can be heard by the Court. Granting *Sow* plaintiffs' request would be disruptive and inefficient. To the extent that the Court is inclined to grant additional time, however, defendants respectfully submit that it should only be for 30 days with no further extensions. More than 30 days would not provide the Claims Administrator sufficient time to process all the claims and to provide the Court with the necessary information, and for the parties to submit their motions in advance of the scheduled February 22, 2024 Fairness Hearing.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Jenny Weng*

Jenny Weng
*Senior Counsel*
Special Federal Litigation Division

cc:   ALL COUNSEL (via ECF)