UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ADAMA SOW, DAVID JAKLEVIC, ALEXANDRA DE MUCHA PINO, OSCAR RIOS, BARBARA ROSS, MATTHEW BREDDER, SABRINA ZURKUHLEN, MARIA SALAZAR, DARA PLUCHINO, and SAVITRI DURKEE, *on behalf of themselves and others similarly situated*,

                          Plaintiffs,

- against -

CITY OF NEW YORK; MAYOR BILL DE BLASIO; NEW YORK CITY POLICE DEPARTMENT COMMISSIONER DERMOT SHEA; NEW YORK CITY POLICE DEPARTMENT CHIEF OF DEPARTMENT TERENCE MONAHAN; NYPD DETECTIVE EDWARD CARRASCO (SHIELD NO. 1567); NYPD OFFICER TALHA AHMAD (SHIELD NO. 21358); NYPD OFFICER KEVIN AGRO (SHIELD NO. 8054); and NYPD OFFICERS JOHN and JANE DOES # 1- 40,

                          Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/22/2024

No. 21-cv-00533 (CM)(GWG)

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL CERTIFICATION OF THE SETTLEMENT CLASS, DETERMINATION THAT THE NOTICE TO THE CLASS WAS CONSISTENT WITH THE COURT'S PRELIMINARY APPROVAL ORDERS, APPROVAL OF SERVICE AWARD PAYMENTS, APPROVAL OF INDIVIDUAL PLAINTIFFS' SETTLEMENTS AND APPROVAL OF CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS THROUGH JUNE 15, 2023**

**WHEREAS,** on January 21, 2021, Plaintiffs Adama Sow, David Jaklevic, Alexandra De Mucha Pino, Oscar Rios, Barbara Ross, Matthew Bredder, Sabrina Zurkuhlen, Maria Salazar, Dara Pluchino and Savriti Durkee commenced this Action by filing a Complaint under 21 Civ. 00533, on behalf of themselves and all others similarly situated, alleging, pursuant to 42 U.S.C. § 1983, violations of their rights under the First, Fourth and Fourteenth Amendments to the United States

Constitution;

**WHEREAS**, on March 6, 2021, Plaintiffs filed an Amended Complaint ("this Civil Action"), on behalf of themselves and all others similarly situated, alleging violations of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and certain state law claims;

**WHEREAS**, Defendants have denied any and all liability arising out of Plaintiffs' allegations;

**WHEREAS**, in this Action, Plaintiffs seek, on behalf of themselves and the Class, monetary damages from Defendants for alleged violations of law;

**WHEREAS**, Named Plaintiffs Adama Sow, David Jaklevic, Alexandra De Mucha Pino, Oscar Rios, Barbara Ross, Matthew Bredder, Sabrina Zurkuhlen, Maria Salazar, Dara Pluchino and Savriti Durkee, individually and on behalf of the class of individuals they represent (collectively, "Plaintiffs," the "Class," or "Class Members"), and Defendant City of New York (the "City"), have entered into a settlement agreement dated July 19, 2023, and which was amended on August 22, 2023 (the "Settlement" or the "Amended Stipulation of Settlement") that, if approved by the Court, would resolve Plaintiffs' claims against Defendants in this action, with the exception of certain of Plaintiffs' attorneys' fees and costs as specified below;

**WHEREAS**, on July 27, 2023, the Court issued an Order preliminarily approving the Settlement; conditionally certifying the Class pursuant to Federal Rules of Civil Procedure 23(c) and 23(e); appointing Cohen & Green PLLP, Gideon Orion Oliver, Esq., Wylie Stecklow PLLC, Masai Lord, and Beldock Levine & Hoffman LLP as class counsel; approving the Parties' proposed class settlement notice procedure; and appointing Rust Consulting, Inc., as Class Administrator (Dkt. No. 171, amended by Dkt. Nos. 174, 176, 180 ("Preliminary Approval

Orders");

**WHEREAS**, pursuant to paragraph 86 of the Amended Stipulation of Settlement, Plaintiffs' claims against the individual Defendants were voluntarily dismissed and the City remains a party to the Action as the settling Defendant;

**WHEREAS**, pursuant to paragraph 87 of the Amended Stipulation of Settlement, Plaintiffs' injunctive/declaratory reliefs claims against All Defendants were voluntarily dismissed;

**WHEREAS**, on December 11, 2023, the Court extended the Bar Date for 30 days – until January 22, 2024;

**WHEREAS**, the Court received submissions and held a Fairness Hearing on February 22, 2024;

**WHEREAS**, the Court held the Fairness Hearing to determine, among other things: (i) whether the Court should approve the proposed Settlement as fair, reasonable, and adequate; (ii) whether the Court should grant final certification of the Class for settlement purposes; (iii) whether the Court should determine that the notice to the class was materially consistent with the Court's Preliminary Approval Order; (iv) whether the Court should approve payment to Class Administrator; (v) whether the Court should approve service awards to Class Representatives David Jaklevic, Alexandra de Mucha Pino, Oscar Rios, Sabrina Zurkuhlen, and Maria Salazar; (vi) whether the Court should approve the individual settlements of Plaintiffs Adama Sow, Dara Pluchino, Savitri Durkee, Barbara Ross and Matthew Bredder; and (vii) whether the Court should approve the parties' agreement to pay attorneys' fees and costs incurred through June 15, 2023; and

**WHEREAS**, before the Court is Plaintiffs' Unopposed Motion for Final Approval of the class action settlement, final certification of the Settlement Class, approval of the service awards to Class Representatives David Jaklevic, Alexandra de Mucha Pino, Oscar Rios, Sabrina

Zurkuhlen, and Maria Salazar, approval of the individual settlements of non-Class Representative Plaintiffs Adama Sow, Dara Pluchino, Savitri Durkee, Barbara Ross and Matthew Bredder, approval of the settlement of attorneys' fees and costs through June 15, 2023 to Class Counsel;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, as follows:

1. <u>Definitions</u>. To the extent terms are not defined in this Order, the Court adopts and incorporates the definitions in the Amended Stipulation of Settlement for purposes of this Order.

2. <u>Certification of Settlement Class</u>. The Court hereby confirms certification of the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3): All persons who were arrested, or arrested and subjected to force, by NYPD officers during the "George Floyd protests" at the dates and locations in paragraph 32 of the Amended Stipulation of Settlement and allege any of the Released Claims described in paragraph 31 of the Amended Stipulation of Settlement, *excluding* (a) individuals who have settled claims with New York City Comptroller's Office arising out of the events at the 18 protest locations in the chart at paragraph 32; (b) individuals who brought lawsuits against the City and/or individual members of NYPD arising out of the events at the 18 protest locations in the chart at paragraph 32, and whose claims were settled, dismissed or otherwise disposed; and (c) all persons charged with trespassing (New York State Penal Law("NYS P.L.") § 140), destruction of public property (NYS P.L. § 145), assaulting an officer (NYS P.L. § 120.08), criminal possession of a weapon (NYS P.L. § 265), arson (NYS P.L. § 150), or burglary (NYS P.L. § 140) where the person was arrested at the location of the alleged burglary; and (d) if there is video or other objective evidence of them clearly demonstrating that a class member, through physical conduct, intentionally obstructed, impaired, or prevented a Member of Service's ability to lawfully arrest, or attempt to lawfully arrest, another individual.

3. The Court certifies this Settlement Class for the sole purpose of consummating the

4

settlement of this Action in accordance with the Amended Stipulation of Settlement.

4. If there is an appeal and an appellate court does not uphold this Court's final approval of the proposed Settlement, this Settlement Class certification shall be void *ab initio*, shall be of no force or effect whatsoever, and shall not be used for any purpose whatsoever, including in any further class certification proceedings in this case.

5. Rule 23 Findings. For purposes of the settlement of this Action only, and subject to the terms of the Amended Stipulation of Settlement, the Court finds that the requirements of Federal Rule of Civil Procedure 23 and any other applicable laws are satisfied.

6. Proof of Notice. The Parties filed with the Court adequate proof regarding the notice provided to potential Class Members to demonstrate that such notice was materially consistent with the directives in the Preliminary Approval Orders and the notice plan set forth in the Amended Stipulation of Settlement. The Court finds that notice to the Settlement Class was the best practicable notice under the circumstances and met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7. Settlement Approval. The proposed Settlement is hereby fully and finally approved as fair, reasonable, and adequate.

8. Implementation of the Agreement. The Parties and their counsel are directed to implement and consummate the Amended Stipulation of Settlement according to its terms and conditions.

9. Releases. The release of claims set forth at Paragraphs 79-83 of the Amended Stipulation of Settlement is expressly incorporated herein in all respects. As of the Effective Date of Payment (as defined in the Amended Stipulation of Settlement), and without modifying or

limiting the full language of the release provisions in the Amended Stipulation of Settlement, the release of claims set forth in the Amended Stipulation of Settlement shall be given full force and effect as to all Released Parties.

10. Total Award Payment to the Class. Pursuant to Paragraph 40 of the Amended Stipulation of Settlement, each eligible Class Member will be paid $9,500.00 (Nine Thousand Five Hundred Dollars).

11. The Class Administrator has calculated the total awards payout to be approximately $9,532,100.00 ("Total Class Settlement Amount"). The City, in consultation with the Claims Administrator, shall make best good faith estimates of the maximum amount that shall be deducted from any awards due to Department of Finance liens and for New York child support liens. If any additional amount is determined to be owed to the City due to these liens, the Claims Administrator shall return that amount to the City.

12. All checks mailed to the Class Members shall bear the notation "VOID IF NOT CASHED WITHIN 120 DAYS AFTER ISSUANCE."

13. Funding Settlement. By the Effective Date of Payment (as defined in the Amended Stipulation of Settlement), the City will deposit or cause to be deposited into a bank account created for this purpose by Class Administrator the Total Class Settlement Amount in Paragraph 11 above. Any funds remaining of the Total Class Settlement Amount after payment of awards and any bank account interest will revert to the City within one year of the Effective Date of Payment.

14. Payment to the Class Administrator. Publication costs have already been paid to Rust Consulting by the City. The City shall pay any remaining administrative cost to Rust Consulting up to the agreed-upon amount of $48,535.

15. Service Awards. The Court finds that the requested service awards of $9,950.00

6

each to Class Representatives David Jaklevic, Alexandra de Mucha Pino, Oscar Rios, Sabrina Zurkuhlen, and Maria Salazar, totaling $49,750 (Forty-nine Thousand, Seven Hundred and Fifty Dollars), to be paid in addition to the class settlement awards owed to them, are reasonable under the circumstances. These service awards shall be paid directly by the City to the Named Plaintiffs consistent with the applicable provisions of the Amended Stipulation of Settlement. Within 90 days after the Court order and receipt of all necessary paperwork, the City will pay the Class Representatives the service awards ordered. The Class Representatives shall execute and deliver to Defendants' Counsel all documents necessary to effect such payments to them, including, without limitation, General Releases, Affidavit of Status of Liens, and W-9s.

16. <u>Non-Class Representative Settlements</u>. The Court finds that the Individual Settlements of $21,500.00 (Twenty-one thousand five hundred dollars) each to non-Class Representative Plaintiffs Adama Sow, Dara Pluchino, and Savatri Durkee which reflects the settlement award they would have received under *Samira Sierra, et al. v. City of New York, et al.*, 20-CV-10291, 20 CV-10521 (CM)(GWG) are reasonable under the circumstances. The Court finds that the Individual Settlement of $41,400.00 (Forty-one thousand four hundred dollars) to non-Class Representative Plaintiff Matthew Bredder which includes the class action settlement award under *Samira Sierra, et al. v. City of New York, et al.*, 20-CV-10291, 20 CV-10521 (CM)(GWG) as well as the settlement for *Matthew Bredder v. City of New York*, 22-CV- 04293 (VSB) is reasonable under the circumstances. The Court finds that the Individual Settlement of $30,000.00 (Thirty thousand dollars) to non-Class Representative Plaintiff Barbara Ross is reasonable under the circumstances. These settlements shall be paid directly by the City to the Plaintiffs named in this paragraph consistent with the applicable provisions of the Amended Stipulation of Settlement. Within 90 days after the Court order and receipt of all necessary paperwork, the City will pay the

7

Plaintiffs named in this paragraph the amounts ordered. The non-Class Representatives shall execute and deliver to Defendants' Counsel all documents necessary to effect such payments to them, including, without limitation, General Releases, Affidavits of Status of Liens, and W-9s.

17. Attorneys' Fees and Costs. The Court finds that the requested negotiated payment of $5,850,000.00 in attorneys' fees and expenses to Class Counsel for work performed through June 15, 2023 (the date listed on the Class Notice), is reasonable. Within 90 days after a Court order concerning attorneys' fees and costs, or any appeal thereof, and receipt of all necessary paperwork, the City will make payments to Class Counsel in the total sum of $5,850,000. Class Counsel shall execute and deliver to Defendants' Counsel all documents necessary to effect such payments to them, including, without limitation, General Releases and W-9s.

18. With respect to Class Counsel's fees and costs incurred after June 15, 2023 only, the Parties will engage in good faith negotiations in an effort to reach an agreement. Should the Parties not reach a negotiated agreement, Class Counsel will make an application for an award of such attorneys' fees and costs that are fair, reasonable, and appropriate; the Court will retain jurisdiction over such an application and to order and approve an award of such attorneys' fees and costs; and the entry of this Order shall not release any remaining claim Class Counsel will seek to make for such attorneys' fees and costs after June 15, 2023.

19. Binding Effect. The Settlement and this Order shall be forever binding on the Releasing Parties and Released Parties (as defined in the Amended Stipulation of Settlement). This Order shall have *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings brought by Class Members that are based upon, arise out of, or relate to the Released Claims.

20. Retention of Jurisdiction. The Court has jurisdiction to enter this Order.

Without in any way affecting the finality of this Order or the judgment, the Court expressly retains exclusive and continuing jurisdiction over the Settlement, the Parties to the Settlement, Class Members, and anyone else who appeared before this Court for all matters relating to the Settlement, including approving and awarding Class Counsel's fees and costs incurred after June 15, 2023, the implementation and enforcement of the terms of the Settlement and of this Order and the judgment, and for any other reasonably necessary purpose.

21. <u>Dismissal of Action</u>. Plaintiffs' claims against the individual Defendants are voluntarily dismissed, with prejudice, and the City remains a party to the Action as the settling Defendant. Plaintiffs' injunctive/declaratory reliefs claims against All Defendants are voluntarily dismissed with prejudice. All claims brought by Plaintiffs Adama Sow, Dara Pluchino, Savatri Durkee, Barbara Rossand and Matthew Bredder are dismissed, with prejudice, as set forth in the Amended Stipulation of Settlement. Plaintiff Matthew Bredder's action under *Matthew Bredder v. City of New York*, 22-CV- 04293 (VSB) is voluntarily dismissed, with prejudice. As part of the Amended Stipulation of Settlement, any other locations from the *Sow* Complaint and Amended Complaint that was not identified in the 18 locations listed in paragraph 32, are hereby withdrawn and dismissed with prejudiced. The claims asserted in this Action are hereby dismissed with prejudice with the exception of Class Counsel's fees and costs incurred after June 15, 2023.

22. <u>Entry of Judgment</u>. The Court will separately enter judgment in accordance with Federal Rule of Civil Procedure 58.

Dated: February 22, 2024

*[signature]*

Hon Colleen McMahon
United States District Judge